THE STATE VS RAIFORD.

1. Words written at length, are not only more certain, but less liable to alteration, than figures; and therefore, when the year and day of the month are inserted in any part of an indictment, they are more properly inserted in words written at length, than in Arabic characters,—but a contrary practice will not vitiate an indictment.

2. It is a well established rule in criminal pleading, that where a general term is used in a statute creating an offence, in connection with words more precise and definite, the indictment must charge the offence in the particular words used in the statute; and therefore,

3. Where the language of the statute was,—" Any person who shall presume to keep a tipping house, or sell rum, brandy, whiskey, taffia, or other *spirituous liquors*, &c. shall be liable." &c.;—and the indictment charged the defendant with *retailing spirituous* liquors without a license,— it was held, that the indictment was deficient in not defining the offence with sufficient precision.

Error to the Circuit court of Benton county.

Indictment for retailing spirituous liquors without license. The indictment ran thus: "That James Raiford, late of said county, on the sixth day of May, in the year of our Lord eighteen hundred and thirty-seven, in the county aforesaid, did then and there sell spirituous liquors in less quantities than one quart, without license, to one William D. Kelly, and to divers other persons, whose names were to the jurors aforesaid unknown, contrary to the acts of the general assembly in such cases made and provided, and against the peace and dignity of the State," &c.

The State *vs.* Raiford.

The defendant plead not guilty, and under his plea, was convicted.

The bill of exceptions set forth the following: That a motion was made by defendant to quash the indictment, for defects apparent on its face, which motion was overruled by the court; but as the question had never been settled by the Supreme court, and as some doubt was entertained, it was therefore, at the instance of defendant certified, &c. and the judgment respited until the next term, &c.

And at this present term defendant assigned:

1. That the court below erred in overruling the motion to quash the indictment, because it was defective in describing the offence charged in this—that it did not specify what kind of spirituous liquor the defendant had sold without license.

2. Because the caption of the indictment was defective, in stating the time of its finding by the grand jury, in figures.

*Brown*, for the appellant.
*Attorney General*, contra.

*Brown*, for the defendant, urged, that the court below should have sustained the motion to quash the indictment, because it was uncertain as to the misdemeanor charged. · Arch. Crim. Pl. 52, 53; Bacon's Abr. 555; G. vol. 3; also 573, K.

The time at which the grand jury made the presentment, ought to have been stated in Roman numerals, or in words at full length, and not in figures. Arch. Cr. Pl.

The State *vs*. Raiford.

51; 2 Hale, 170; Bacon's Abr. 3, 573, 1; Aik. Dig. 4t5.

The *Attorney General* said—

1. As to the objection that the charge was not sufficient,—it was not necessary to follow the exact words in the statute,—it was sufficient if the offence was set forth with substantial accuracy and certainty, to a reasonable intendment—2 Gallison, 18; 6 Wheeler's Abr. 35.

The statute makes it an offence to sell without license, any "rum, brandy, whiskey, taffia, or other spirituous liquors," &c. The indictment charges defendant with selling "spirituous liquors." The selling of *all spirituous liquors without license*, is clearly forbidden by this statute. Must the prosecuting attorney, to meet his proof against every unlicensed retailer, prepare separate counts against each one of his whole assortment of decanters—rum, brandy, (the various kinds,) whiskey, gin, &c. &c.? Was not the defendant sufficiently informed of what he had to defend, when he was charged with selling "spirituous liquors"? Nothing more was necessary.

2. As to the objection to that part of the statement which preceded the indictment's being in figures—See 5 Yerger's Tenn. R. 188; 6 Wheeler, 35.

This preceding statement was not the caption to the indictment. The caption to the indictment was contained in an independent entry upon the minutes of the court, setting forth the time and place of holding the court, the judge presiding, the selection of the grand jurors, &c. This record did not contain this entry, from neglect, no doubt, of the clerk.

3. This was a motion to quash—always discretionary with the court —1 Will. 327; Yeates' Penn. R. 69. Defendant might have demurred, or moved in arrest of judgment.

ORMOND, J.—There is no doubt that there is more propriety in writing the year or the day of the month, whenever it is necessary to state either, in the caption or the body of the indictment, than to insert the Arabic characters now in use; as writing is less liable to alteration, and more certain. But the contrary practice has prevailed so long, that it would be unwise now to disturb it. The ancient rule, doubtless, had its origin in those days, when all pleadings were required to be in latin,—as we learn from 3 Bacon, 573, that Roman numerals will answer. At all events, it would savor of unnecessary refinement, to sustain such an objection now.

But for the first objection taken to the indictment, it should have been quashed. The language of the statute is, "Any person who shall presume to keep a tippling house, or sell rum, brandy, whiskey, taffia, or other *spirituous liquors*, &c. shall be liable," &c. The indictment, in this case, charges the defendant with retailing *spirituous liquors* without a license.

This charge is deficient, in not defining the offence with that precision which the humane policy of our law requires. It is a well established principle of criminal pleading, that where a generic term is used in a statute creating an offence, in connection with words more precise and definite in their meaning, the indictment must charge the offense in the particular words used in the

The State *vs*. Raiford.

statute. This was decided by this court, in the case of the State vs. Plunkett. The words of the statute constituting the offence were, "That if any person do feloniously steal any horse, mare or gelding, foal or filly, ass or mule, the person so offending, shall," &c. The indictment charged the stealing of a *horse:* the proof was, it was a gelding, and on the principle above stated, the court determine the prosecution could not be maintained—See also Archbold's Cr. Pl. 52, 3.

The judgment must be reversed, and the defendant held on his recognizance, to permit the solicitor for the State to prefer another indictment, if he thinks proper to do so.