## JOHNSON *vs.* THE STATE.

[INDICTMENT FOR OBSTRUCTING PUBLIC ROAD.]

1. *Sufficiency of indictment.*—An indictment under section 1176 of the Code, charging that the defendant "did obstruct a certain public road," which is particularly described, "by a fence, bar, or some other impediment, without leave of the court of county commissioners first had and obtained," is fatally defective.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. WILLIAM M. BROOKS.

THE indictment in this case was found at the spring term of said circuit court, 1857, and was in these words:

"The grand jury of said county charge, that, before the finding of this indictment, William Johnson did obstruct a certain public road in said county, known as the 'upper Boguechitto road,' by a fence, bar, or some other impediment, without leave of the court of county commissioners first had and obtained, against the peace and dignity of the State of Alabama."

No objection was raised to the indictment in the court below, either by demurrer, or motion in arrest of judgment; but the defendant went to trial on the plea of not guilty, and was convicted. The only exceptions reserved by the defendant on the trial were to the rulings of the court in the instructions to the jury, which are not material to an understanding of the points decided by this court.

GEO. W. GAYLE, for the prisoner, contended, (among other things,) that the indictment was defective, because it did not describe or specify the alleged "other impediment;" citing, to this point, Turnipseed v. The State, 6 Ala. R. 664; Beasley v. The State, 18 Ala. R. 535; 1 Bishop's Criminal Law, § 326.

M. A. BALDWIN, Attorney-General, *contra*, insisted, that the indictment was a sufficient compliance with the provisions of the Code, as shown by the forms of indictments prescribed in similar cases.

STONE, J.—The Code furnishes no form for an indictment adapted to the offense for which the defendant in this case was indicted. Nor does any provision of the Code declare what will constitute a sufficient indictment under section 1176. Hence, we must consult general principles, and the general provisions of the Code, in determining the sufficiency of the indictment found in this record.

The statute declares it a punishable offense in every person who obstructs a public road "by a fence, bar, or other impediment."—Code, § 1176. The indictment charges, that the defendant obstructed a public road, "by a fence, bar, or some other impediment," without specifying or particularizing what constituted that other impediment.

This is not the case of "offenses of the same character, and subject to the same punishment," with which, under section 3506 of the Code, "the defendant may be charged with the commission of either in the same count in the alternative." The clause we are considering, in section 1176 of the Code, is similar in its principle to our old statute against retailing. That statute was construed in Raiford's case, 7 Porter, 101. It prohibited the sale, in quantities less than a quart, of "rum, brandy, whiskey, tafia, or *other spirituous liquor*." Raiford was indicted for selling "*spirituous liquors*," without specifying the kind of liquor. This court held the indictment bad. The principle of that decision is,

that when, in a statute creating an offense, particular acts or means are specified and prohibited; and such particular, specified acts or means are followed by a more comprehensive generic term, and such generic term be immediately preceded by the words "*or other*," then the specific acts or means, and the generic term, cannot be construed as specifying and defining different *offenses of the same character*. The specified acts or means are given as express examples; always, and *per se*, within the statute. The generic term includes *other* acts or means, *ejusdem generis*. In pleading, it is not enough to aver the existence of such *other acts or means*, in the language of the statute; but the pleader must, in addition to the statutory, generic phrase, specify the acts or means under a *videlicet*. Example: Under our former statute against retailing, if the pleader wished to proceed for the sale of ardent spirits other than "rum, brandy, whiskey or tafia"—these being all the kinds specified in the statute—he should have averred, that the defendant sold *spirituous liquors, to-wit, gin, &c.*, or words of similar import.

One of the alternative means with which it is alleged the defendant in this case obstructed the road—namely, *some other impediment*—is not averred specifically; and it follows that, under that alternative charge, the defendant could not properly be convicted. This indictment, then, charges upon the defendant the commission of one or more of three alternative acts, two of which are sufficiently averred, and one defectively. It then fails to charge positively that he committed an offense for which he could rightfully be punished. Every word of the indictment may be true, and yet the defendant not guilty of any offense punishable by our law.—See Cochran v. The State, 30 Ala. 542.

Retailing and gaming are not within this rule, because of express provisions of sections 1059 and 3244 of the Code.

It may be a question, whether on the evidence found in this record, the defendant could be convicted under the clause of section 1176, upon which this indictment was found, inasmuch as it is not pretended that any im-

pediment was placed in or upon the road. If he could not, another question, under a proper indictment, might be raised under the last clause of section 1176, for *willfully* injuring or obstructing; or, failing in each of these, an inquiry might arise, whether he had not erected or continued a public nuisance. We simply raise these questions, however, without intimating an opinion on them.

The judgment of the circuit court is reversed, and the cause remanded, for further proceedings in the circuit court not inconsistent with this opinion.

