## PRIM *vs.* THE STATE.

[INDICTMENT FOR OBSTRUCTING PUBLIC ROAD.]

1. *What constitutes obstruction of public road.*—To obstruct a public road by a fence, bar, or other impediment of like kind or description, placed in or upon the road, is made a misdemeanor by statute, (Code, § 1176;) but where the obstruction is caused by a mill-dam, erected at some distance from the road, whereby the water is backed up and increased at the point where the stream crosses the road, to such a depth as to impede and interfere with travel, this is no violation of the statute, unless *willfully* done.

FROM the Circuit Court of Dale.
Tried before the Hon. S. D. HALE.

THE indictment in this case charged, that the defendant "did obstruct a certain public road in said county, to wit,

the road leading from Newton to Abbeville, on that part of said road, about five miles from Newton, where said road is crossed by a creek known as 'Prim's mill creek,' by a certain impediment, to wit, by damming up said creek where it crosses said public road, so as to cause the water from said creek to overflow said road, in such manner as thereby to obstruct travel on said road, and to endanger the safety of divers persons then and there traveling and passing on said road." The defendant demurred to the indictment, but on what ground the record does not show ; and, his demurrer being overruled, pleaded not guilty.

"The State proved on the trial, that within twelve months before the finding of the indictment, the road therein specified was overflowed, at a point about five miles from Newton, in said county, by waters from the defendant's mill creek; that the water was sometimes so deep in the road, in consequence of said overflow, that it ran into buggies passing on said road ; that on one occasion it was so deep in said road, that oxen, drawing a wagon, were forced to swim to reach the other side ; that said overflow had frequently taken place before the defendant became the owner of said mill, and while it was controlled by others ; that since the defendant had owned said mill, said water had increased two feet or more in depth ; that the defendant had erected a bridge, at his own expense, for the convenience of the public, over the point in said road overflowed by said water, and kept the same up, although it was out of repair and unsafe for crossing for six months of the year prior to the finding of the indictment. It was further proved, that said creek was not, and never had been dammed up by a dam built at the point where it crossed said road; that the overflow was caused by a dam, owned by the defendant, at a point distant about a half-mile from said road, where defendant lived, and where his mill and dam were ; that there was no other impediment of any sort placed on said road by defendant, or by any one else ; that the water in said road was not more than one foot deep before said dam was erected, but was from three to four feet deep after said

dam was erected, and was backed up in said road by said dam.

" This being all the evidence in the case, the defendant asked the court to instruct the jury, that if they believed from the evidence that the overflow of the waters of the creek was not caused by the defendant's damming up said creek where it crossed said road, but by damming it up at a different point not on said road, then they cannot find the defendant guilty. The court refused this charge, and instructed the jury, that if they believed from the evidence that said road was overflowed by water, backed up over said road from the defendant's mill-dam, situated a half-mile from said road, and that said road was obstructed by said waters, so that persons traveling on said road could not pass with convenience, then they must find the defendant guilty; to which charge, as well as to the refusal of the charge asked, the defendant excepted."

PUGH & BULLOCK, for the prisoner.

M. A. BALDWIN, Attorney-General, contra.

A. J. WALKER, C. J.—By section 1176 of the Code, it is made a misdemeanor " to obstruct a public road by a fence, bar, or other impediment," " or willfully to injure or obstruct any public road in any way." A construction must be sought, which will give to each of these two clauses some operation. " Sound exposition requires effect to be given to every significant clause, sentence, or word in a statute."—Spivey v. State, 26 Ala. 90–101; Smith's Com. on Stat. and Con. Law, 632, § 488. The willful obstruction of a public road in any way is condemned by the latter clause. The obstruction of a public road by a fence, bar, or other impediment, is condemned in the former. If we understand every mode of obstruction to be included in the phraseology of an obstruction " by a fence, bar, or other impediment," we give the statute the senseless effect of declaring an act criminal because of its willfulness, when it had previously made the perpetration of the act a misdemeanor; and no field of practical operation will be left for the clause in reference to the willful obstruction of a road in any way.

In Johnson v. State, (32 Ala. 583,) we intimated, that an obstruction of a public road, by so cutting a ditch as to cause water to flow upon it, was not an offense embraced within the clause which makes it a misdemeanor to obstruct by a fence, bar, or other impediment. The opinion then suggested is correct. By the phrase "other impediment," following after two specified impediments—fence and bar—we must understand to have been meant impediments *ejusdem generis*—impediments of like character with those before specified. The clause must be read, as though it said "fence, bar, or other impediment of the same sort," and confined in its operation to those impediments which are placed, like bars and fences, on or upon the road; and not to those which result consequentially. This construction of that clause leaves the last clause, in reference to the *willful* obstruction of a road, to operate upon all other cases of obstruction, save that class of which fences and bars are examples; and no other construction will allow it any practical effect. We, therefore, adopt it as the correct construction.

The testimony in this case shows, that the obstruction of the road was the result of building and retaining a mill-dam across a creek, some distance below the point at which it intersected the road, whereby the depth of the water in the road was sometimes so increased as to interfere with the travel. The obstruction was consequential; it was not of the same kind with a fence or bar placed directly upon the road. Such an obstruction is embraced in the last clause of the section, and the causing of it is not a misdemeanor, unless it was *willful*.

The rulings of the court below are inconsistent with the conclusion above expressed, and the judgment of the court below must therefore be reversed, and the cause remanded.