[No. 3232.]

MARTIN SHUBERT *v.* THE STATE.

1. OBSTRUCTION OF PUBLIC ROAD—EVIDENCE.—Even in cases where the obstruction is placed upon the road proper, the evidence must show that the obstruction was wilful. *A fortiori,* when the obstruction is consequential—arises from an act which the accused had the legal right to do—the evidence must show that the act was wilfully done, and with a view to such indirect or consequential effects. See the opinion for a case in illustration.
2. INTERPRETATION OF A TERM.—When used in a penal statute, the term "wilful" means with evil intent, or legal malice, or without reasonable ground for believing the act to be lawful.

APPEAL from the County Court of Hays. Tried below before the Hon. E. R. Kone, County Judge.

The opinion discloses the nature of the case. The punishment imposed was a fine of twenty-five dollars.

*Hutchison & Franklin,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The road alleged to have been obstructed was a public road, crossing the Blanco river at a ford on defendant's land. Some distance, several hundred yards, below the ford, defendant erected a dam across said river on his own land, for the purpose of operating machinery to irrigate his garden. By the erection of this dam the water was raised or backed up at the ford so as to somewhat interfere with and impede the travel across the river.

It will be noted that the obstruction complained of is not one placed directly in or across the road. It was one entirely consequential upon another act of defendant, which in itself was legal, and in its purposes legitimate, in the use of his own property. Our statute in all cases makes the criminality of this particular offense of obstructing or injuring a public road to depend upon the fact that the act constituting the offense was "wilfully" done. (Penal Code, Art. 405; *Brinkoeter* v. *The State,* 14 Texas Ct. App., 67.)

If necessary that the act should be shown to have been "wilfully" committed, even in cases of direct obstruction—as where the obstruction is placed by the defendant directly across or in the road—*a fortiori* where the obstruction is consequential or indirect, and is occasioned by an act in itself legal, the State should establish beyond all question that the act was *wilfully* done, and with a view to such indirect or consequential effects. (*Prine* v. *The State*, 36 Ala., 244.)

The word "wilfully" is the word used in the statute to characterize the offense. "When used in a penal statute, the word 'wilful' means more than it does in common parlance. It means with *evil intent* or legal malice, or without reasonable ground for believing the act to be lawful." (*Thomas* v. *The State*, 13 Texas Ct. App., 200.)

The evidence fails to show that the acts complained of, and upon which this conviction is based, were "wilfully" done. The judgment is reversed and the cause remanded.

*Reversed and remanded*

Opinion delivered June 27, 1884.