# Gude *v.* The State.

### *Indictment for Obstructing Public Road.*

1.   *Obstructing public road; constituents of offense.*—Although circumstances might be shown which would authorize a conviction for obstructing a public road, by placing a train of cars on or across it, and allowing them to remain for an unreasonable length of time (Code, § 4249); yet a conviction can not be had against the superintendent of a railroad company, on account of such obstruction, when the evidence shows that it was done, not only without his assent or participation, but in violation of his express orders, by subordinate servants of the company, whom he punished for their disobedience of such orders.

FROM the Circuit Court of Jefferson.

Tried before the Hon. S. H. SPROTT.

The bill of exceptions in this case purports to set out all the evidence adduced on the trial, the substancè of which is stated in the opinion.   On this evidence, the defendant requested the court, in writing, to charge the jury, " that, if they believed the evidence, they must find the defendant not guilty."   The court refused this charge, and the defendant excepted to its refusal; and this is the only matter here presented for revision.

M. A. PORTER, for the appellant, cited Potter's Dwarris on Statutes, 278, 281; *Johnson v. The `State,* 32 Ala. 583 ; *Patterson v. The State,* 21 Ala. 571 ; *Nall v. The State,* 34 Ala. 262; *Seibert v. The State,* 40 Ala. 60 ; 71 Ala. 271.

T. N. McCLELLAN, Attorney-General, for the State, cited *Thompson v. The State,* 20˙Ala. 54; *Prim v. The State,* 36 Ala. 244.

SOMERVILLE, J.—The defendant is indicted for willfully obstructing a public road, by placing, or causing to be placed, a car or train of cars across said road, contrary to the provisions of section 4249 of the Code, of 1876.

If the question were necessary to be decided, we can not see that we would encounter any difficulty in arriving at the conclusion, that there are circumstances under which one could be convicted of violating this statute, who willfully obstructs a public road by placing a train of cars across it, and allows such obstruction to remain there an unreasonable length of time.

[Kilgrow v. The State.]

*Prim v. The State,* 36 Ala. 244; *Thompson v. The State,* 20 Ala. 54.

In this case, however, there is no need for us to consider this question, because the record fails to disclose any evidence authorizing the jury to infer the participation or complicity of the defendant in the act which is alleged to constitute the offense charged. It is shown that the defendant was superintendent of an incorporated railroad company, the track of which crossed a public road. It is shown that the road was obstructed by cars, which were placed across it, and allowed to remain for some time, either by the subordinate agents of this company, or else of some other railroad which furnished cars to be loaded with coal and coke. The evidence shows, however, not only that this was done without authority of the defendant, but in apparent disregard of his express orders to the contrary, and that he had punished such of these agents as violated these orders, by discharging or suspending them from the service of the company. The jury would not be authorized to conclude from the facts in evidence that the defendant ever gave authority to any one to violate the statute.—*Russell v. The State,* 71 Ala. 348.

The court, in our judgment, erred in refusing to give the charge requested by the defendant.

Reversed and remanded.