# Rogers v. The State.

*Indictment for an Assault.*

1. *Indictment; sufficiency thereof.*—When the means by which an offense is committed are charged in the alternative, each alternative charged must describe the means with the same definiteness or particularity as is required if the charge had been made in a separate count, unless it affirmatively appears in the indictment that the instrument or means used to effect the offense was unknown to the grand jury.

2. *Assault; sufficiency of indictment.*—The count in an indictment which charges an assault with a rock or brick, "or other missile of like kind," is demurrable for indefiniteness and uncertainty as to the character of the instrument, by means of which the assault was committed.

3. *Same.*—In a trial under an indictment for an assault, the fact that the prosecutor had told the witness shortly before the assault, that he had killed the defendant's dog, is irrelevant, immaterial and inadmissible; such fact being too remote to throw any legal light upon the alleged assault.

4. *Charges to the jury; unnecessary to repeat substantially the same charge.*—Where a charge requested is, in effect, the same as a charge already given by the court, it is not error to refuse such charge; the court not being required to repeat charges given to the jury.

5. *Same; reasonable doubt.*—A charge asserts a correct proposition and its refusal is error, which instructs the jury that if "the jury are not satisfied beyond all reasonable doubt to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of defendant's guilt, they should find him not guilty, and it is not necessary to raise a reasonable doubt that the jury should find from all the evidence a probability of defendant's innocence in the testimony, but such a doubt may arise even when there is no probability of his innocence in the testimony; and if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty."

6. *Same; presumption of innocence.*—A charge which instructs the jury that "the defendant is presumed to be innocent until the evidence convinces the jury beyond all reasonable doubt that he is guilty; and if upon a consideration of all the evidence the jury have a reasonable doubt growing out of all the evidence, they must acquit the defendant," asserts a correct proposition, and its refusal is erroneous.

7. *Same; assault; mitigating circumstances.*—On a trial under an indictment for an assault, where there is evidence tending to show that the person assaulted was very insulting and assumed a threatening manner towards the defendant at the time the assault is alleged to have been committed, a charge which instructs the jury that they may look to the fact, if it be a fact, that the person assaulted used abusive or insulting language to the defendant at or before the time of the difficulty, and such language may be taken in justification or mitigation of the offense, as the jury may determine," asserts a correct proposition, and should be given at the request of the defendant.

APPEAL from the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

The appellant was indicted, tried and convicted for an assault. The averments of the two counts of the indictment are sufficiently stated in the opinion. The defendant demurred to the second count, upon the ground that it was "vague, indefinite and uncertain as to the character of the weapon used." This demurrer was overruled, and the defendant duly excepted.

Upon the trial of the cause, the testimony for the State tended to show that the defendant came to the place where Tony Stallings, the person assaulted, worked, and sent for said Stallings; that upon Stallings coming up, the defendant and the person with him jumped at Stallings, and as he ran off they threw rocks and sticks at him and fired at him with a pistol.

Upon the cross-examination of the State's witness, Smith, the defendant asked him the following question: "State whether or not Stallings told you thirty minutes or an hour before the difficulty, 'I played the devil, I have killed Rogers' dog?'" The State objected to this question, which objection the court sustained, and the defendant duly excepted.

Upon the examination of the witnesses Penn and Adams for the defendant, the defendant asked each of said witnesses the question relative to the killing of the defendant's dog by Stallings. These questions were each separately objected to by the State. The court sustained each of the objections, and the defendant separately excepted thereto.

The testimony for the defendant tended to show that upon his seeing Stallings he asked him if he had killed his dog; that Stallings replied in a very insulting and

[Rogers v. The State.]

threatening manner that he had, and threw his hand towards his pocket as if he was about to draw a weapon, and that thereupon the defendant kicked at him, and as he ran off threw rocks at him; and when some distance from him, shot in the direction Stallings was, but not with the intention of hitting him.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury, if the evidence is in such a state of confusion and uncertainty as that the jury are not convinced of defendant's guilt beyond all reasonable doubt, the jury must acquit the defendant." (3.) "The court charges the jury, if the jury are not satisfied beyond all reasonable doubt to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of defendant's guilt, they should find him not guilty, and it is not necessary to raise a reasonable doubt that the jury should find from all the evidence a probability of defendant's innocence in the testimony, but such a doubt may arise even when there is no probability of his innocence in the testimony; and if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty." (4.) "The court charges the jury, the defendant is presumed to be innocent until the evidence convinces the jury beyond all reasonable doubt that he is guilty, and if upon a consideration of all the evidence the jury have a reasonable doubt growing out of all the evidence, they must acquit the defendant." (5.) "The court charges the jury, that the jury may look to the fact, if it be a fact, that Stallings used abusive or insulting language to Rogers at or near the time of the difficulty, and such language may be taken in mitigation or justification of the offense as the jury may determine."

The court at the request of the defendant gave several written charges to the jury. The charge numbered 2, which was given at the request of the defendant, was the same as the charge numbered 1, which was refused.

BURNETT & CULLI and N. G. CANNING, for appellants. 1. The demurrer to the indictment should have been

sustained.—*Hornsby v. State*, 94 Ala. 62; *Burdine v. State*, 25 Ala. 60; *Horton v. State*, 53 Ala. 493.

2. The court erred in its rulings upon the evidence. *Gunter v. State*, 111 Ala. 23; *Burke v. State*, 71 Ala. 377.

3. The charges requested by the defendant should have been given.—*Bell v. State*, 115 Ala. 25; *Hawes v. State*, 88 Ala. 37; *Riley v. State*, 88 Ala. 188; *Gibson v. State*, 89 Ala. 121.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The indictment consisted of two counts, charging the defendant in the first count with simple assault, and in the second count, with a rock or brick, "or other missile of like kind." There was a demurrer to the second count directed against the averment "or other missile of like kind." We are of opinion the demurrer was well taken, and the court erred in overruling it. When the means by which an offense was committed are charged in the alternative, each alternative charge must describe the means, with the same definiteness or particularity, as would have been required, had the charge been made separately in a separate count. If the means are unknown to the grand jury, it may be so averred; but unless it affirmatively appears from the indictment that the instrument or means used to effect the offense were unknown, it is necessary to describe the instrument or means used. *Hornsby v. The State*, 94 Ala. 55; *Johnson v. The State*, 32 Ala. 583; *Raiford's case*, 7 Port. 101.

There was no error in excluding the testimony of Smith, Penn and Adams, relating to the killing of defendant's dog. The facts proposed to be proven by these witnesses were too remote to throw any legal light upon any proper constituent of the alleged assault, especially in the light of the other evidence.

Charge one refused to defendant, is the same as charge number two given. The court was not required to repeat the charge.

Charges three, four and five requested by the defendant should have been given.

Reversed and remanded.