# Knuckols *v.* The State.

*Indictment for Obstructing Public Road.*

1. *Obstructing public road; sufficiency of indictment.*—An indictment charging the offense of obstructing and injuring a public road, which follows the statute and form of indictment for the offense (Code, § 5388; Form 66, p. 333), is good and not subject to demurrer.

2. *Indictment for obstructing public road; admissibility of evidence.*—On a trial under an indictment for obstructing a public road, where it is shown that the road referred to in the indictment was a public road and worked by hands apportioned to it, it is not competent for the defendant, upon the cross-examination of the overseer of said road, to ask him if the defendant did not warn him not to cut out the road, that he, the defendant, had taken an appeal; it not being shown that the defendant was the owner of the land over which the road ran, nor a party to any proceeding looking to the establishment of said road.

[Knuckols v. The State.]

3.  *Same; same.*—In such a case, it is not competent for the defend-
ant to ask said overseer whether or not he ever tendered the
defendant any money in payment of the land over which the
road ran.

4.  *Same; same.*—In such a case, it is not proper for the defendant
in the cross-examination of a witness who had testified to the
establishment of the road, to ask him whether the defendant
had ever been paid for his land; such question assuming that
the defendant had owned the land, of which there was no
proof, and if he did own the land, there being better evidence
of the fact of payment.

5.  *Same; same.*—In such a case, it is not competent for the de-
fendant on the cross examination of a witness who had testi-
fied to the establishment of the road to ask him if it was not
a fact that after the defendant took an appeal from the com-
missioners court to the circuit court the road about which he,
witness, testified, had been abandoned and a new road built
elsewhere; since, if the road in question had been changed
or abandoned in the manner inquired about, the records of
the commissioners court were the best evidence of the fact in-
quired about.

6.  *Same; same.*—In such a case, where from the records of the pro-
ceedings in the commissioners court establishing the road in
question, introduced by the defendant, it nowhere appears
that the defendant was a party to said proceedings or had
anything to do with the establishment of the road, a bond pur-
porting to be given for an appeal to the circuit court from an
order of the commissioners court establishing said road, prose-
cuted by another party with whom it is not shown that the
defendant had any connection, is not admissible in evidence.

7.  *Same; same.*—In such a case, it is not permissible upon the
examination of the defendant as a witness to ask him
on the direct examination, as to whether he took an appeal
to the circuit court from the order of the commissioners court
establishing said road.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. A. H. ALSTON.

The appellant in this case, G. A. Kuckols, was indict-
ed, and tried and convicted for obstructing and injur-
ing a public road.  The evidence in the case showed
that the road in question was a new road, established
by the commissioners court of Marshall county
a short time before the obstruction complained of.  The
evidence in the case relating to the rulings upon the

evidence reviewed on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the State gave to the jury the following written charge: (1.) "If the jury believe all the evidence beyond a reasonable doubt they will find the defendant guilty as charged in the indictment." The defendant excepted to the giving of this charge and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "I charge you gentlemen of the jury that unless the defendant had received compensation for his land, then he had the right to build a fence and barn on his said land and would not be liable therefor."

McCord & McCord, *for appellant.*—The demurrers to each of the counts of the complaint should have been sustained. *Johnson v. State,* 32 Ala. 583; *Cochran v. State,* 30 Ala. 542; *Beasley v. State,* 18 Ala. 535; *Alexander v. State,* 117 Ala. 220.

The defendant should have been allowed to introduce the evidence which was excluded on objection of the State.—Civil Code, § 2450; *Commissioners v. Street,* 116 Ala. 28.

The second charge requested by the defendant asserted a correct proposition of law and should have been given.—*N. O. P. R. Co. v. Jones,* 68 Ala. 48; *Com'rs. v. Street,* 22 Ala. 629; *M. S. R. Co. v. Sayre,* 72 Ala. 443; *City Council v. Townsend,* 80 Ala. 489; *Faust v. Mayor,* 83 Ala. 279; *Woodward Iron Co. v. Cabiness,* 87 Ala. 328; *Postal Tel. Co. v. A. G. S. Ry.* 92 Ala. 331; *Highland Ave. Br. Co. v. Math,* 99 Ala. 24; *Smith v. Inge,* 80 Ala. 283 ; *M. & C. R. Co. v. B. S. & T. R. Co.* 96 Ala. 571.

Massey Wilson, Attorney-General, for the State. The indictment follows the statute and was in the form prescribed by the Code. The demurrers thereto were, therefore, properly overruled.—Code, § 5388; p. 333, Form 66.

The bond of appeal taken by Ada E. Knucklos was not admissible in evidence.—*Creswell v. Commissioners Court*, 24 Ala. 282.

The general charge was properly given for the State, and the two charges requested by the defendant properly refused. The road having become a public one in fact, by order of the court of County Commissioners, no one had the right to deprive the public of its use or destroy its character as a public road.—*Commissioners' Court of Lowndes Co. v. Bowie*, 34 Ala. 461; *Thompson v. State*, 21 Ala. 48; *Thompson v. State*, 20 Ala. 54; *McDade v. State*, 95 Ala. 28; *Harper v. State*, 109 Ala. 66; s. c. 91 Ala. 94; *Stewart v. Conley*, 122 Ala. 179, 184.


HARALSON, J.—The defendant was indicted under section 5388 of the Code, for obstructing and injuring a public road, called the Chambers Section Line Road. The first count charged that defendant obstructed said road by a fence without leave of the court of county commissioners; the second, that defendant willfully obstructed said road by building a stable on the same, and third, that defendant willfully injured said road by plowing the same.

The defendant demurred to each count, assigning several grounds, and the same was overruled.

The indictment follows the statute and form of indictment for the offense.— Code, § 5388; Form 66, p. 333. The demurrers were properly overruled.

The evidence showed without conflict, that the road referred to in the indictment was a public road, worked by the hands apportioned to it. Several witnesses testified that it was obstructed by a shed or cow stable which was built by the defendant on one of its sides. H. L. Stephens testified, that the road was in Marshall county and that he was its overseer; that a short time after he worked it, he discovered that some one had plowed it up, where it had been worked, and built a cow shed or stable on it, and defendant told him he was the man who did it. The defendant testified that he built the fence and barn in the road, and they extended, in his judgment, into the road about twelve inches.

On the cross-examination of Stephens, he was asked by defendant, if Mr. Knuckols did not warn him not to cut out the road, that he (Knuckols) had taken an appeal. It had not been shown that defendant was the owner of the land over which the road ran, nor a party to any proceeding in the Commissioners' Court, looking to the establishment of said road, nor that at any time had he appealed from any order of the court establishing this road. But, whether he had taken an appeal or not, was irrevelant and immaterial. The defendant was indicted for obstructing a public road, and the fact that he told the road overseer that he had taken an appeal and warned him not to cut out the road, if true, shed no light on the issue being tried.

The question asked said witness by defendant, "Did you ever tender Mr. Knuckols any money in payment of his land over which said road runs?" was improper. So far as appears, no duty rested on Stephens to tender him any money on account of said road. The same thing is true of a like question propounded by defendant to the witness Jackson.

John Stallings testified that he knew where the section line ran, and that the road was built on the section line; that the stable and fence were in said road and defendant told witness that he built them or had them built. He further testified, that he never saw the section line run, but knew where it was from the corners that were pointed out to him, from time to time. The defendant thereupon moved to exclude the statement of the witness, that "the road is on the section line." The court overruled the motion, and the defendant asked him: "Had Mr. Knuckols ever been paid for his land?" There was no error in the refusal to allow the question. It assumed that Knuckols owned the land, of which fact there was no proof, and, if he had owned the land, the fact of payment rested in better evidence than that of the witness.—Code, § 2449.

The witness, Jackson, was asked by the defendant on the cross, if it was "not a fact that after Mr. Knuckols took an appeal from the commissioners' court to the

circuit court, the road along the section line was abandoned, and a strip of land was purchased on the Gentry side of the section line and the road built on it?" The question was properly disallowed. If the road in question had been changed or abandoned in the manner inquired about, the records of the commissioners' court were the best evidence of the fact.—Code, §§ 2443, 2445, 2446.

The defendant introduced the record of the proceedings of the commissioners court establishing this road. From these it no where appears that he was a party to the proceeding, or had anything to do with the establishment of the road. It does appear, that Ada E. Knuckols was one of the owners of the land over which the road was laid out, and a party to the proceedings therefor. The defendant offered a bond purporting to be for an appeal by Ada E. Knuckols from the order of the commissioners' court establishing said road, to the circuit court, with the defendant and others as her sureties. The State objected on the grounds, that it was not shown that the appeal bond had any connection with the case, and the appeal was not taken within the time allowed by law for an appeal in such cases. The bond was excluded. The appeal bond shows on its face that the appeal was by Ada E. Knuckols alone, with whom it does not appear that defendant had any connection. Nor does it appear that he had any right or interest in the controvery.—*Creswell v. Commissioners' Court*, 24 Ala. 282. Moreover, the appeal bond was filed on the 16th of September, 1901, and the order finally establishing the road by the commissioners court, as shown on the face of the bond, was entered on the 23rd of August, 1900. The appeal was not taken for more than a year after it might have been taken. Such appeals are required to be taken within ten days from the date of the judgment of the commisioners' court.—Code, § 2450. There was no error in the exclusion of said bond, nor in the refusal of the court, on the objection of the State, to allow the defendant to answer the question propounded to him by his counsel on the direct examination: "Did you take an appeal from the commissioners' court to the circuit court?"

8c

There was no error in giving the charge requested by the State, nor in refusing the two requested by defendant.

Affirmed.