# Central of Ga. R'y Co. *v.* The State.

## *Obstructing Public Road.*

[DECIDED APRIL 19, 1906, 40 So. REP. 991.]

1. *Highways; Obstruction; Statute; Indictment.*—Section 5388, Code 1896 prohibits obstructing the public roads (1) by a fence, bar, or other impediment, except by gates erected by leave of the county commissioners; (2) the cutting or placing any tree or other obstacle across a public road and failing to remove it within six hours; and (3) the willful obstruction of any public road in any way; and an indictment charging that defendant did obstruct a described public road by a freight car, without leave of the board of revenue first had was laid under the first subdivision of such statute.

2. *Same; Statutes; Construction.*—Clause 1 of § 5388, Code 1896, which prohibits obstructing a public road by bar, fence, or other impediment, must be construed as to the words "other impediment" to mean an obstruction or impediment of a permanent character, as a fence or bar, erected across the high-

way, and an indictment laid thereunder is not supported by proof that defendant's servants left a freight car across a public road for seven hours and voluntarily moved it.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

The C. of Ga. Ry. Co., was indicted for obstructing the public road by leaving a car across it for six hours. The evidence showed without conflict that the car was left across the public road described in the indictment about the length of time described. The indictment and demurrers thereto sufficiently appear in the opinion.

CHARLES P. JONES and W. F. THETFORD, JR., for appellant.—The indictment is found under § 5388 of the Code of 1896. Two ways of obstructing the public road are referred to. 1st to obstruct the public road by a fence, bar or other impediment, except by gates erected across the same by leave of the court of county commissioners. 2nd. To cut or place a tree or other obstacle across or along a public road so as to impede travel and not remove the same within six hours. The first clause prohibits specific obstruction by fence, bar or other impediment. If this clause stood alone, the word impediment might be construed to mean any other obstruction of any character. The next clause prohibits the cutting or placing of a tree or other obstacle. It is manifest from reading the two clauses that the term "other impediment" is to have a different meaning from the term "obstacle." It is equally clear that the term "other impediment" must be put in the same class as fences or bars which are permanent in their nature, and that the term "other obstacle" must be placed in the same class with tree or brush which are temporary in their nature. A movable railroad car must be placed within the latter class of temporary obstructions, and it is not a violation of the law unless such obstruction is allowed to remain six hours. For this reason, the demurrers ought to have been sustained. If the indictment be good as framed the evidence that defendant obstructed the public road for as short a time as one minute will support its allegation, and it can scarcely be argued that such an obstruction

would be a violation of the law. For this reason the indictment was demurrable.

While a corporation is liable for the torts committed by its agent within the scope of their authority, this court is firmly committed to the doctrine that corporations are not liable to a criminal prosecution for the acts of its servants, unless such acts have been authorized by the corporation.—*Gude v. State,* 76 Ala. 100; *Williams v. Hendrick,* 115 Ala. 277. In this latter case the court cites *Satterfield v. Western Union Telegraph Co.,* 23 Illinois Appel. Court, 446.

MASSEY WILSON, Attorney-General for the State.—The question presented by the demurrers to the indictment is a freight car an impediment within the meaning of § 5388 of the Code of 1896. The meaning of the word impediment in this connection was considered and defined in the case of *Thomas v. The State,* 20 Ala. 54. The court judicially knows that a freight car is a much more formidable impediment than a fence or bar would be and is as much within the contemplation of the statute as it certainly is within the mischief intended to be remedied. —*Prim v. State,* 36 Ala. 244. The case of *Gude v. State,* 76 Ala. 100 is differentiated from this case by its facts. Moreover, the indictment is in code form and has been held sufficient on many occasions.—*Johnson v. State,* 32 Ala. 583; *Alexander v. State,* 117 Ala. 220; *Knuckols v. State,* 136 Ala. 108.

WEAKLEY, C. J.—By section 5388 of the Criminal Code (1896) three separate and distinct misdemeanors are declared in three different clauses in respect of obstructions of public roads, and these are: (1) To obstruct a public road by a fence, bar, or other impediment, except by gates across the same by leave of the court of county commissioners, obtained as provided by law; (2) to cut or place a tree, brush, or other obstacle across a public road so as to impede travel, and not remove the same within six hours; (3) willfully to obstruct any public road in any way. This statute has been preserved through all our compilations, and has come to us without change from the Code of 1852, and even from Clay's

[Central of Ga. R'y. Co. v. The State.]

Digest. The indictment charges that the appellant "did obstruct a certain public road, known as "Pike Road,' by a freight car, without leave of the board of revenue first had and obtained, against the peace and dignity of the State of Alabama." It does not charge a willful obstruction, and hence was not based upon the third clause above quoted. It does not aver a failure to remove the car within six hours, and hence was not intended to find support in the second clause. It can, therefore, only be referred to, and was no doubt designed to charge an offense, under the first clause. Indeed, the argument here on behalf of the state proceeds upon the contention that the placing of the freight car upon the side track, and allowing it to remain there, as shown by the evidence, obstructed the public road by an "impediment," within the meaning of the first clause above set out.

Upon familiar rules of statutory construction, the three clauses must be construed together, and a field of operation should be found for each; and in construing each clause regard must be had to its own language, and then to the other clauses, in the same section, adopting that meaning which makes the whole stand consistently together, if it may be done.—26 Am. & Eng. Ency. Law (2nd Ed.) p. 616; *Lehman v. Robinson*, 59 Ala. 219. Furthermore where a general term in a statute follows specific words of a like nature, it takes its meaning from the latter, and is presumed to embrace persons or things of the kind designated by the specific words. This is what is usually called the *"ejusdem generis* rule" of statutory construction.—26 Am. & Eng. Ency. Law (2d Ed.) p. 609; *Johnson v. State*, 32 Ala. 583; *Prim. v. State*, 36 Ala. 244. In *Johnson v. State*, 32 Ala. 583, it was intimated that an obstruction of a public road by cutting a ditch, so as to cause water to flow upon it was not within the first clause, as we have stated it, the construction not being of like character with a fence or bar, the specific words employed, and in *Prim v. State*, 36 Ala. 244, it was declared that the intimation was a correct construction, although it was also said that the obstruction of a public road, caused by a mill dam, erected at some distance away, backing water into a stream, so as to impede travel where the stream crosses the road

would be an offense under the third clause if willfully done. In *Gide v. State*, 76 Ala. 100. the defendant was indicted under the third clause for willfully obstructing a public road by placing or causing to be placed a car or train of cars across the road; and it was said by SOMER-VILLE, J., that, were it necessary to decide the question, he would have no difficulty in arriving at the conclusion, that "one could be convicted of violating this statute who willfully obstructs a public road by placing a train of cars across it and allows such obstruction to remain there an unreasonable length of time."

We find nothing in the foregoing decisions to conflict with the conclusion that the word "impediment" in the first clause should be construed as meaning an obstruction of a nontemporary nature, like a fence, bar, or gate erected across the road by leave of county commission-ers or boards of revenue. On the contrary, the rule for construing the word according to its companions, rec-ognized by our cases already cited, leads to and supports that conclusion. And this is fortified by comparison with the similar word "obstacle" in the second clause, which, on like principles, should be construed as referring to obstructions of a temporary character, which, if not will-ful, do not become criminal, unless they remain for as long as six hours. The third clause remains to cover all willful obstructions, and may include and secure the punishment of many that would not be embraced within the first and second clauses above enumerated.

As the impediment alleged in the indictment was not a gate, and as a gate is the only obstruction or impediment for the erection of which the court of county commission-ers may grant leave under section 5388, it was not neces-sary to allege the want of such consent. The averment, however, may be treated as surplusage, and will not vi-tiate the indictment. The indictment is in Code form and is good.—*Alexander v. State*, 117 Ala. 220, 23 South. 48; *Knuckols v. State*, 136 Ala. 108, 34 South. 375.

We cannot say, upon the face of the indictment, that a freight car might not be employed in such a way as to constitute an "impediment" as already limited and de-fined. In *Thompson v. State*, 20 Ala. 54, this court held, on demurrer to the indictment, that "a large quantity of

logs, sticks, brushwood, and dirt" might be an impediment within the meaning of the statute. The evidence in this case, however, showed that the freight car was pushed by an employe of appellant on its track across the public road, and that it remained standing on its track from 10 o'clock in the morning until about 5 o'clock in the afternoon of the same day, when it was removed. It was not, therefore, an impediment of like character with fences, bars, and gates. The indictment did not charge that the obstacle was not removed within six hours, nor that it was willful.

Appellant was not guilty of the only offense the indictment can be treated as charging, and the city court erred in refusing a request in writing to so charge the jury. The judgment, therefore, must be reversed, and, as appellant can never be convicted under this indictment on the facts proven, a judgment will be here rendered discharging it, without day.—*Montgomery v. State*, 88 Ala. 141, 7 South. 51.

Reversed and rendered.

HARALSON, DOWDELL, and DENSON, JJ., concur.