(98 South. 367)

**Ex parte DOWDY.**

**DOWDY v. STATE.**

(8 Div. 620.)

(Supreme Court of Alabama. Dec. 13, 1923.)

Abortion ⬤⟶5—Indictment for inducing an abortion held insufficient.

In a prosecution under Code 1907, § 6215, as amended by Acts 1911, p. 548, for inducing an abortion, an indictment that defendant to induce an abortion did administer a drug or used an instrument or "other means," was in-

sufficient, where it neither named the "other means," nor averred that the same were unknown to the grand jury, particularly in view of Code 1907, § 7144.

### Certiorari to Court of Appeals.

Lee Dowdy was convicted of an offense, and on appeal to the Court of Appeals the judgment of his conviction being affirmed, he brings this petition for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled Lee Dowdy v. State, 98 South. 365. Writ awarded, and reversed and remanded on rehearing.

Street & Bradford, of Guntersville, for appellant.

The second count of the indictment is faulty in failing to specify the "other means" therein mentioned as having been employed in the commission of the offense. Johnson v. State, 32 Ala. 583; Daniel v. State, 61 Ala. 8; Danner v. State, 54 Ala. 127, 25 Am. Rep. 662; Hornsby v. State, 94 Ala. 55, 10 South. 522; Rogers v. State, 117 Ala. 192, 23 South. 82; Horton v. State, 53 Ala. 488; Noble v. State, 59 Ala. 73; Hawkins v. State, 8 Ala. App. 234, 62 South. 974; Dix v. State, 8 Ala. App. 338, 62 South. 1007; Pickett v. State, 60 Ala. 77; C. of Ga. v. State, 145 Ala. 99, 40 South. 991; Turnipseed v. State, 6 Ala. 664; Beasley v. State, 18 Ala. 535; Prim v. State, 36 Ala. 247.

Harwell. G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

ANDERSON, C. J. The defendant was indicted for abortion under section 6215 of the Code of 1907, as amended by the Act of 1911, page 548, and the Code does not prescribe a form of indictment. In construing this statute and passing upon an indictment thereunder in the case of Thomas v. State, 156 Ala. 166, 47 South. 257, we held that the indictment was sufficient, if the offense was described in the language of the statute or in words conveying the same meaning, and that it was not necessary to name the drug or describe the instrument. It must be observed, however, that the indictment in the Thomas Case, supra, did not, as here, contain the further alternative averment of "or other means." While the statute mentions other means, and while the instrument or drug need not be described, yet it is a well-established rule of criminal pleading that the other means should be named, or else it should be averred that the same was unknown to the grand jury. Hornsby v. State, 94 Ala. 55, 10 South. 522; Smith v. State, 142 Ala. 14, 39 South. 329. Indeed, section 7144 of the Code of 1907, recognizes the ne-

cessity of naming the means when known, by authorizing the indictment to charge that they are unknown when such is the case. If there was no need for naming the means, there would be no need for said section and which is applicable to all indictments, whether for common law or statutory offenses, and our form of indictments contemplate the naming of the means by which an offense is committed. The second count of the indictment was demurrable for not naming the other means relied on or averring that the same was unknown to the grand jury. Cases, supra; also Johnson v. State, 32 Ala. 583; Rogers v. State, 117 Ala. 192, 23 South. 82.

The Court of Appeals erred in holding that the second count of the indictment was not subject to the defendant's demurrer, and we erred in denying the writ of certiorari. The application for rehearing is granted, the former opinion is withdrawn, and the writ of certiorari is awarded, and the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with the foregoing opinion.

Writ awarded, and reversed and remanded.

All the Justices concur.