64 So.2d 893

### BRADFIELD v. STATE.

### 8 Div. 239.

Court of Appeals of Alabama.

April 21, 1953.

156

---

Watts & Salmon, Huntsville, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

We addressed the following to the Supreme Court:

"The case of Stella Bradfield v. State (8th Division 239) is pending in this court on appeal.

"The defendant was convicted under the sixth count of the indictment. The count is:

" 'The Grand Jury of said County further charge, that before the finding of this indictment, Stella Bradfield, whose name is to the Grand Jury otherwise unknown, unlawfully and with malice aforethought killed Kathaleen Childress, by some manner or some means in the procurring (sic) of or in the attempt to procure an abortion upon said Kathaleen Childress, who at that time was pregnant with child, said abortion or attempted abortion not being necessary to preserve the life of said Kathaleen Childress nor done for that purpose, but without premiditation (sic) or deliberation.'

"The court overruled demurrers to this count. The grounds of the demurrers pose the position that the count fails to contain sufficient allegations of the manner or means by which the homicide was committed and it omits to aver that the means were unknown to the grand jury. Title 15, § 242, Code 1940.

"The judges of this court are unable to reach an unanimous conclusion or decision on this question. Therefore, as authorized by the provisions of Title 13, § 88, Code 1940, the following question is hereby certified to your court for an opinion as a guidance to our court in the further review of this appeal:

"Does the count sufficiently allege the manner or means by which the homicide was committed?

"As an aid to you in responding to this inquiry, the record of the cause and the briefs of counsel are herewith submitted."

The Supreme Court responded:

"The Court of Appeals being unable to reach a unanimous conclusion or decision on the question of whether the indictment was subject to certain demurrers which were overruled by the court, has certified the question to us, as authorized by section 88, Title 13, Code 1940.

"The defendant was convicted under Count 6 of the indictment, which is as follows:

" 'Count 6. The Grand Jury of said County further charge, that before the finding of this indictment, Stella Bradfield, whose name is to the Grand Jury otherwise unknown, unlawfully and with malice aforethought killed Kathaleen Childress, by some manner or some means in the procuring of or in the attempt to procure an abortion upon said Kathaleen Childress, who at that time was pregnant with child, said abortion or attempted abortion not being necessary to preserve the life of said Kathaleen Childress nor done for that purpose, but without premeditation or deliberation.'

"The demurrers raised the point that the count failed to contain proper allegations of the manner or means by which the homicide was committed and omits to aver that same were unknown to the grand jury.

"The inquiry from the Court of Appeals is: 'Does the count sufficiently allege the manner or means by which the homicide was committed?'

"Indictments in this jurisdiction are examined in the light of and construed under the rules of the common law, by which it was necessary to allege the means by which the offense was committed, or if unknown to the grand jury, the indictment should so state. Hornsby v. State, 94 Ala. 55, 10 So. 522; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

"Under this governing rule we note the following decisions, among many others, by this court holding indictments demurrable for failure to sufficiently plead the means by which the offense was committed: An indictment for murder charging that the killing of the deceased was 'by stabbing him with a knife *or other weapon*' held demurrable because the alternative averment 'or other weapon' insufficiently described the means by which the offense was committed and failed to allege such means were unknown to the grand jury, Hornsby's case, supra; an indictment charging an assault with a rock or brick 'or other missile of like kind' held demurrable because the alternative averment was too indefinite in description and did not allege the exact description was unknown to the grand jury, Rogers v. State, 117 Ala. 192, 23 So. 82; an indictment for producing an abortion in violation of section 6215 of the Code of 1907, now section 9, Title 14, Code 1940, by administering a drug or substance or employing 'an instrument or other means' held defective because 'instrument or other means' was too indefinite and failed to aver that it was otherwise unknown to the grand jury, Ex parte Dowdy, 210 Ala. 419, 98 So. 367; a first degree murder indictment charging defendant with having killed a certain person by giving him poison or administering to him a quantity of poison held demurrable for failing to name the poison or averring that it was unknown to the grand jury. Langham v. State, 243 Ala. 564, 11 So.2d 131.

"These holdings by analogy would naturally impel the conclusion that the indictment in the instant case was likewise demurrable for failure to describe the 'manner or means' the abortion was induced or that the same were unknown to the grand jury. While the means by which the abortion was effected does not enter into the essence of the offense, it is a matter of substance and the omission of such an averment from an indictment renders it demurrable on that ground unless there is the added averment that the means are unknown to the grand jury. Langham v. State, supra; Gaines v. State, 146 Ala. 16, 41 So. 865.

"An abortion may be committed by various means such as drugs, instruments, assault and battery, fright, and probably by many other 'manner or means,' and under our concept of criminal prosecutions the defendant was entitled to know the exact nature of the means by which it is claimed the offense was committed which produced the death of the victim, or that the means were unknown to the grand jury. Code 1940, Title 15, § 242.

"The last cited statute provides: 'When the means by which the offense was committed are unknown to the grand jury, and do not enter into the essence of the offense,

the indictment may allege that they are unknown to the jury.'

"This provision of our law was considered in Ex parte Dowdy, supra, where the defendant was indicted for statutory abortion proscribed by section 6215, Code 1907, now section 9, Title 14, Code. The indictment averred that the defendant, to induce the abortion, did administer a drug or used an instrument or 'other means.' In holding that 'other means' where the means was neither named nor averred to have been unknown to the grand jury, was an insufficient averment, the court, speaking through Chief Justice Anderson, observed that the considered statute 'recognizes the necessity of naming the means when known, by authorizing the indictment to charge that they are unknown when such is the case. If there was no need for naming the means, there would be no need for said section and which is applicable to all indictments, whether for common law or statutory offenses, and our form of indictments contemplate the naming of the means by which an offense is committed. * * *' 210 Ala. 420, 98 So. 368. Johnson v. State, 32 Ala. 583, and Rogers v. State, supra, are cited.

"This Dowdy case is very persuasive to the conclusion here attained that the indictment under consideration should either have averred the means or that it was unknown to the grand jury. Otherwise there would have been no need for the stated statute authorizing such an indictmental averment.

"Likewise persuasive are the 'poison cases,' such as Langham, supra, and the ones there cited, which hold indictments demurrable unless the poison charged to have been the cause of death was shown to have been deadly if given in sufficient quantity or that it was unknown to the grand jury. If such an allegation be necessary in that character of case, then we see no escape from the conclusion it was equally necessary in the case at bar.

"So considered, the inquiry is answered in the negative. The demurrers should have been sustained. Let this opinion be certified to the Court of Appeals."

The above response resolves a question which is decisive of this appeal.

The judgment below is ordered reversed and the cause is remanded.

Reversed and remanded.