William Golden, by his father and next friend, Thomas Golden, *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Blocking of crossing.*

In an action against a railroad company to recover damages for personal injuries to a boy seven years old, the case is for the jury where the evidence for plaintiff, although contradicted, tends to show that the boy on his way from school to his home approached a crossing blocked by the defendant company's cars; that he then went to a point below the crossing where there was an opening of about eighty feet between the cars still standing on the track, and while proceeding to cross through the opening to his home, the cars were suddenly backed without any warning, and he was struck, knocked down and sustained an injury.

Argued March 25, 1898. Appeal, No. 482, Jan. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 174, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before ARNOLD, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto among others were as follows:

1. There is no sufficient evidence that the company defendant blocked the crossing of Tenth street at Washington avenue in an unlawful manner; and there can be no recovery from the defendant on the ground that there was, in the present

case, any such unlawful conduct on the defendant's part. *Answer:* Refused. [1]

3. Under all the evidence in the case the verdict should be for the defendant. *Answer:* Refused. [2]

Verdict for plaintiff for $10,000. On remittitur filed judgment was entered for $6,000. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3) in charging the jury that if the cars of the defendant company occupied the Tenth street crossing, but that there was a cut or break in the train between Tenth and Eleventh streets, a pedestrian would have a right to pass through the cut if the cars were not in motion when he started to pass through.

*George Tucker Bispham*, for appellant.—In the country a railroad company has the exclusive use of its road, except at crossings: R. R. Co. v. Norton, 24 Pa. 465; R. R. Co. v. Hummell, 44 Pa. 375; Cauley v. Ry. Co., 95 Pa. 398.

In the city it has the same exclusive right where it is in actual occupation and operation of its roadbed: Moore v. R. R. Co., 99 Pa. 301.

In the former the mere presence of a person on its roadbed is a trespass: Railway Co. v. Collins, 87 Pa. 405.

In the latter such presence is also a trespass when coincident with the actual occupation and operation thereof: Ogden v. P. R. R., 23 W. N. C. 191; R. R. Co. v. McTighe, 46 Pa. 316.

That a child may be a trespasser is too clear for argument: Rodgers v. Lees, 140 Pa. 475; McMullen v. R. R., 132 Pa. 107; Mitchell v. P., W. & B. R. R., 132 Pa. 226. And in such event no higher duty is owed it than an adult: Moore v. R. R., 99 Pa. 301.

As there was no evidence whatever that, at the time the boy attempted to go through the cut, the opening had been made by way of an invitation to the public to use it, there ought to have been a binding instruction in favor of the defendant: Kline v. Traction Co., 181 Pa. 276.

*A. S. L. Shields*, for appellee.—Three cases are found in the reports of this state which are identical in character with this one: Rauch v. Lloyd, 31 Pa. 358; Penna. R. R. v. Kelly, 31 Pa. 372; P., W. & B. R. R. v. Layer, 112 Pa. 414.

In Gray v. Penna. R. R. Co., 172 Pa. 383, and in Laib v. R. R. Co., 180 Pa. 503, will be found two other of the very numerous recent cases in which verdicts for plaintiff have been rendered and sustained on the testimony of one or more witnesses who failed to hear warning given by a moving train, though such testimony was flatly contradicted by defendant's witness.

In the use of a public street by citizens and by railways, where by law a railway is in a public street, the rights and duties of the parties in respect thereto are equal in regard to the use of ordinary care: 2 Wood on Railroads, 1270; Elliott on Roads and Streets, 622; Ry. v. Phillips, 112 Indiana, 59; Byrne v. R. R., 104 N. Y. 362; Bennett v. R. R., 102 U. S. 577.

Within the boundaries of a public street one legitimately going upon the property of a railroad company is not a trespasser, though he may be negligent: Coppner v. Pa. Co., 12 Ill. App. 600; Moore v. Penna. R. R., 99 Pa. 301; McMullen v. R. R., 132 Pa. 107; N. P. R. R. v. Mahoney, 57 Pa. 187; Kay v. R. R., 65 Pa. 269; Warner v. Ry., 141 Pa. 615; Gilmore v. Ry. Co., 153 Pa. 31; Pa. R. R. v. Lewis, 79 Pa. 33.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 17, 1898:

On the afternoon of October 25, 1895, the plaintiff, then seven years of age, was returning southwardly from school to his home on the south side of Washington avenue between Tenth and Eleventh streets; and when he came to the intersection of Tenth street and said avenue he found the crossings blocked by defendant company's cars standing on its Washington avenue tracks. He then went southeasterly across the pavement to a point where there was an opening of about eighty feet between the cars still standing on the track, and, proceeding to cross the street through said opening, to his home, the cars were suddenly backed without any warning, and he was struck, knocked down and sustained the injury of which he complains. Several persons who saw what occurred at the time, testified in detail to the facts and circumstances leading up to the injury sustained by plaintiff. One of them testified, inter alia, that when the train started to back "the child was going across the street. I saw the train strike the child; it struck him somewheres about the shoulder, knocked him down and the car

came back on him. . . . The boy was about a foot from the car going across when the train began to move." He further testified that the cars had been on the crossing from twenty minutes to half an hour; that he heard no whistle or bell or signal of any kind, and that there was no one near either end of these trains to warn people. Other witnesses for the plaintiff testified substantially to the same state of facts. It is unnecessary to refer in detail to the testimony of either of them. The plaintiff's evidence was quite sufficient to carry the case to the jury. It is true the defendant's witnesses denied that the crossing was obstructed, denied that there was an opening between the cars where the child undertook to cross, and also denied that signals were not given, etc. If there ever was a case in which the conflict of testimony as to material facts necessitated submission to a jury this is one. It is impossible to consider the testimony on both sides without being convinced that the learned president of the court below would have committed a grave error if he had affirmed the defendant's third point and instructed the jury as therein requested; that, "under all the evidence in the case the verdict should be for the defendant." It therefore follows that the second specification of error must be overruled.

We are clearly of opinion that the learned judge was also right in refusing to affirm the defendant's point recited in the first specification. · If the jury believed the testimony of the plaintiff's witnesses,—and the fair inference from their verdict is that they did,—there was ample evidence " that the company defendant blocked the crossing of Tenth street at Washington avenue in an unlawful manner." The point was therefore rightly refused.

When considered in connection with the context, there is no error in what purports to be an extract from the charge, embodied in the third and last specification. In saying that, we do not mean to intimate any doubt as to the correctness of the extract as it stands alone in the specification. It is explained and fortified by cognate portions of the charge. Near the conclusion of it, the jury were instructed thus: "It is for you to determine upon the evidence which you have heard whether the cars were in motion when the boy attempted to pass through. If they were, the accident was a misfortune for which the company is not responsible. It is only responsible for starting its

cars without warning, in case you find that the regular highway of Tenth street was blocked up at the time when pedestrians were, by reason of the blocking of the street, compelled to go around and go through the break. If you find that to be a fact, that Tenth street was blocked, and the little boy came up above Tenth and tried to cross through the break at the time the cars were not in motion, and was run down by them, you may on those facts find a verdict against the company. If, however, you believe the little boy did not attempt to get through the break, but tried to crawl between the cars, or over the bumpers, or went in between them while they were moving, the company is not responsible."

As remarked in the outset, the case was clearly for the jury. It was fairly and impartially submitted to them with instructions of which the defendant at least has no just reason to complain. There appears to be no error that would justify a reversal of the judgment.

Judgment affirmed.