Statement of the case.

JAMES YOUNG ET AL. v. SOUTHERN RAILWAY COMPANY.

[52 South. 19.]

RAILROADS. *Injuries to person on track. Employes' houses. Fronting tracks. Children playing. Knowledge of company.*

Where a railroad company, for occupancy by its employes and their families, maintained dwelling houses fronting, near to, and having the usual way of ingress to and egress from them over its tracks, and the children of its employes, residing in the houses, were within the knowledge of the company, accustomed to play on the tracks, they were while so playing more than mere licensees, and the company is liable for the death of one of them caused by mere negligence in the operation of its train.

FROM the circuit court of Washington county.

HON. JAMES M. CASHIN, Judge.

Young and another, appellants, were plaintiffs in the court below; the railway company, appellee, was defendant there. From a judgment sustaining a demurrer to plaintiffs' amended declaration and dismissing the suit, plaintiffs appealed to the supreme court. The facts averred in the amended declaration are these:—

The railway company had for several years maintained dwelling houses, constructed of old box cars, for use and occupancy by its employes, quite near to and fronting upon the tracks. The usual way of ingress to and egress from these houses was over and across the company's railroad tracks, and the children of its employes occupying the houses had been accustomed for several years to play upon the tracks opposite the houses, and this was known to the railway company. The child of an employe, residing in one of the houses, was killed while playing upon the railway tracks opposite the houses by the negligent management of one of the company's trains.

*Lamar Watson* and *Hugh C. Watson,* for appellants.

The amended declaration presents a good cause of action against the railway company, and the demurrer thereto should have been overruled. *Pascagoula, etc., Ry. Co. v. Brondum,* 96 Miss. 28, 50 South. 97; Code 1906, § .1985; 3 Elliott on Railroads, section 1250, note 23; *Ib.* section 1257, note 81; *Southern Ry. Co. v. Donovan,* 84 Ala. 141, 4 South. 142; *Alabama Ry. Co. v. Guest,* 144 Ala. 373, 39 South. 654; *Crawford v. Southern Ry. Co.* (Ga.), 33 S. E. 826, 827; *Southern Ry. Co. v. Chatham,* 124 Ga. 1026, 53 S. E. 692; Thompson on Negligence, section 1726; *Illinois, etc., R. Co. v. Murphy* (Ky.), 97 S. W. 729; *Johnson v. Louisville, etc. Ry. Co.,* 29 Ky. L. 36, 91 S. W. 707; *Fearrons v. Kansas City, etc. Ry. Co.,* 180 Mo. 208, 79 S. W. 394; *Brown v. Boston, etc., R. Co.* (N. H.), 64 Atl. 194; *Cassida v. Oregon, etc., Ry. Co.,* 14 Ore. 551, 13 Pac. 438; *Norfolk, etc., R. Co. v. Carper* (Va.), 14 S. E. 328; *Chesapeake, etc., Ry. Co. v. Rogers,* 100 Va. 324, 41 S. E. 732; *Townley v. Chicago, etc., Ry. Co.* (Wis.), 11 N. W. 55.

*Catchings & Catchings,* for appellee.

Certainly it cannot be held, even under the authorities cited by appellants' counsel, that the railway company was bound to expect that a child two and a half years old would be on its track at this place merely because its parents lived in a cabin near the track and could only depart from it by crossing the track. Certainly the company would not be required to anticipate that the parents of this child would leave it alone and at liberty to wander upon the tracks of the company for any purpose. Certainly if the officials of the company had thought about the matter at all they would have concluded that the parents would have made provision against their two and a half year old child getting on the track, and that consequently they

would not have anticipated that they might find it on the track. So that, all the facts being set out in the declaration, it would seem to be clear enough that the rule that a railway company must anticipate the presence of persons on a track at a point where they are in the habit of going on the track can have no application to this particular injury.

Again, the declaration makes out a clear case of the grossest sort of contributory negligence on the part of the parents. While it may be that contributory negligence cannot be imputed to a child two and a half years old, it certainly can be imputed to the parents of the child, who should have made it impossible, by proper care, for the injury to have happened.

The effort to make this child a licensee is certainly remarkable. Whoever heard of a railway company licensing a two and a half years old child to cross its tracks? The declaration, moreover, does not allege that the child was on the track for the purpose of obtaining egress from the cabin or ingress to it. Even as to the father of the child, who was an employe of the company, he was only a licensee so far as to justify him in going across the track and leaving his cabin or returning to it, but the license which the father had to cross the track, or which his wife may impliedly have had to cross the track, certainly cannot be extended so as to authorize a baby going by itself to cross the track. Hence it would be a wide stretch of the law to say that the railway company, under the circumstances set out in the declaration, was obliged to anticipate that this child, a naked trespasser, might be upon its tracks at this place.

The company would not have been liable if the father of this child, one of its employes, had been injured in crossing the track, through the negligence of the servants of the company engaged in operating the train.

In the case of *Illinois, etc., R. Co. v. Arnola,* 78 Miss. 788, this court said: "A master is not responsible to a servant for

the negligence of a fellow servant; *a fortiori* he is not responsible to a stranger for such negligence."

If the company would not have been liable to the father of the child, one of its employes, it would necessarily follow that it is not liable for the injury to the child. Such right as the child or any member of the family of the father had to cross this track grew out of the fact that he was an employe of the railway company and living in one of its box-car cabins. It would be singular indeed if this baby had greater rights against the company than its father had. But this is not left to controversy for in the case above cited it is expressly stated that a master is not responsible to a stranger for the negligence of one of its servants. If is also stated that even as to a licensee a railway company owes no duty except that of not inflicting a wilful or wanton wrong.

In addition to the foregoing it is not alleged in the declaration that the railway company, or any of its servants engaged in operating this train, knew that its employe, who was with his family living in this box car cabin, had a baby two and a half years old. Certainly the company could not be held to the duty of anticipating that a baby two and a half years old might be on its track when it was not informed that such a baby was in existence.

MAYES, J., delivered the opinion of the court.

The demurrer to the amended declaration filed in this case ought to have been overruled. The declaration contains much that is unnecessary for the purpose of stating a cause of action; but, taking into consideration the whole declaration, a case of negligence is sufficiently stated, making the railway company liable if the facts stated are sustained by the proof. Under the allegations the infant was more than a mere licensee, and the case of *Railroad Company v. Arnola,* 78 Miss. 788, 29 South. 768, 84 Am. St. Rep. 645, does not settle the law of this case.

*Reversed and remanded.*