# Central of Ga. Ry. Co. v. Chambers.

## Injury to Person on Track.

(Decided May 13, 1912.   62 South. 724.)

1. *Railroads; Crossing Accident; Signals; Persons Entitled.*—The provisions of section 5473, Code 1907, are intended for the benefit of persons crossing the track in front of trains and passengers attempting to board the train, and not for the protection of one who attempts to climb over or between the cars while the train is blocking a public crossing.

2. *Same; Injury to Licensee or Trespasser; Duty.*—The only duty a railroad company owes to one attempting to climb over or between the cars of a train across a public highway is to exercise due care not to injure them after discovery that they are in a place of danger.

3. *Same; Crossings; Mutual Rights.*—Where a line of railway crosses a public highway, neither the railroad nor the public have an exclusive right of occupation.

4. *Same.*—The right of a railroad to obstruct a public crossing for a reasonable time gives it a right to the crossing at the time to the exclusion of any right of a pedestrian; but where such obstruction continues for an unreasonable length, the right of passage on the part of the public is restored and the railroad company must see to it that it does not injure pedestrians who are seeking to climb over or under its train, by starting the train without warning.

5. *Negligence; Contributory; Infant.*—Where the action is for injury to a boy between seven and fourteen years of age, a plea of contributory negligence of such infant should take issue as to his age, or should allege facts which rebut his presumed incompetence, and failing to do so the plea is bad.

6. *Same; Rebutable Presumption.*—Where the action is for injury to a child under fourteen years of age, and the defense is contributory negligence of such child, the presumption of his mental incapacity is a rebutable presumption.

7. *Pleading; Complaint; Repugnancy.*—A complaint for personal injuries which charges that defendant willfully, wantonly and negligently performed the acts which caused the injury is self repugnant in failing to distinguish between willful and wanton acts and acts which are merely negligent.

8. *Same; Objection; Construction.*—Counts for injuries received by a boy because of the starting of a train, which had been blocking a public crossing, while the boy was attempting to climb over a car, which alleged in the alternative that defendant knew, or by due care should or could have known, that persons were going between the cars should be treated as counts in simple negligence and not for wanton or willful injury, in the absence of an objection to said count for repugnancy.

9. *Appeal and Error; Harmless Error; Pleading.*—Where the court erroneously construed counts charging negligence as charging willful or wanton injury, it must be presumed that the error was prejudicial, in the absence of a showing to the contrary.

10. *Same.*—Where, after erroneously holding that counts charging simply negligence, charged willful or wanton injury, the court submitted to the jury the question of wanton injury with the instruction that contributory negligence is not an answer thereto, and the amount of the verdict indicated that punitive damages were awarded, the record shows that prejudicial error was committed.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Action by Canty Chambers against the Central of Georgia Railway Company for damages for personal injuries. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

The case made by the pleadings as to the first count is that at a time named the defendant was operating and running a freight train composed of a number of freight cars and caboose and engine on its line of railway which ran east and west through the town of Hatchechubbee, Russell county, Ala., which track crosses the public highway in said village, which was the only highway along which persons on the south side could cross over to the north side thereof, and vice versa, and that part of the business houses in said village are on the south side and part on the north side of the railroad, and that the public highway is the only way of passing from one side to the other, which situation is well known to the defendant; and plaintiff avers that defendant owed the plaintiff the duty, in the operation of its trains in said village, to so operate them as to permit plaintiff and others at all times reasonable passage over said highway, but that between the hours of 10 and 11 a. m. on April 1, 1910, the defendant so willfully, negligently, and wantonly operated its said freight train along said highway, or across the same, as to entirely block and

obstruct it for more than 20 minutes, and at a time when plaintiff was under the necessity of crossing from the south to the north side of defendant's track, but finding it obstructed by said freight train, which was extended more than 100 feet on either side of the center of the said crossing, the defendant stopped, looked, and listened, and hearing no whistle or bell whereby he might be apprised that this train was about to be moved, or was in motion, without becoming a trespasser, plaintiff climbed over, went between, or crawled under said train of freight cars on said crossing. It is then averred that plaintiff stopped, looked, and listened for 15 minutes for said train to move before attempting to cross, and defendant knew that he and other persons were being obstructed and delayed at said crossing, but notwithstanding said knowledge willfully, negligently, and wantonly failed to open said public crossing, and that by virtue thereof it was and became necessary for plaintiff to climb between the cars standing directly over said public highway, and that while plaintiff was so passing between said cars, and without blowing the whistle or ringing the bell, the train was so negligently backed or moved forward as to jerk said cars and put them in motion, while plaintiff was on the drawhead of said cars and unaware, by virtue of the negligent failure of defendant to ring the bell or to blow the whistle, that said train was in motion or about to move from the station, whereby plaintiff's left foot was so badly and seriously mashed [here follows catalogue of injuries], and that said damage is the proximate result or cause of the negligent failure of defendant to ring the bell or blow the whistle at short intervals immediately before leaving the station or while moving within or passing by said village of Hatchechubbee. The complaint alleges the age of plaintiff to be between 13 and 14 years,

and that the reasonable use of the crossing by defendant in the discharge of its business or the operation of its train was not so long as 20 or even 10 minutes. Further allegation is made that plaintiff was an inexperienced boy and that it then and there appeared to him reasonable that the most convenient and safe manner for him to cross said crossing was by climbing over the drawhead of the cars.

Counts numered 2, 3 and 4, as well as 5 and 6, allege the violation of the duty to plaintiff and the general public in blocking said crossing for an unreasonable length of time, but otherwise is similar to count 1.

Count 7 describes the situation in the village as set out in count 1, and the fact that the crossing was used by a large number of people and the general public at all hours of the day, which was known to defenant, and that said public highway had been so used for a great number of years; in fact, it was the only way by which the people could cross from the north to the south side of the town, and that this was generally known to defendant, and that between the hours of 10 and 11 on April 1, 1910, and just before the arrival of the passenger train going east, at which time said railroad crossing was most used by a great number of people and the general public, which fact was well known to defendant, the defendant willfully, wantonly, and negligently blocked said railroad crossing, although it was not reasonably necessary for defendant in the reasonable management of its business, and in the reasonable operation of its trains in said village to do so, by leaving said train of cars standing over said public highway crossing for an unreasonable time, to wit, 20 minutes, and by disconnecting its engine from said train of cars and using it for switching purposes at said station without disconnecting said train of cars at said public cross-

ing, and affording the general public and this plaintiff a reasonably safe and convenient method of crossing over said railroad by means of said public highway, although plaintiff avers that defendant could have so permitted passage over said crossing to plaintiff and the general public without unreasonable trouble, expense, or delay to the defendant in the operation of its train and the reasonable conduct of its business; and that defendant in the operation of its train, and in the reasonable conduct of its business at said village, owed the general public and this plaintiff the duty to so operaate its train and to so conduct its business as to afford this plaintiff and the general public an unobstructed right of way over said crossing, but that notwithstanding its duty defendant willfully, wantonly, and negligently blocked said railroad crossing in the manner aforesaid, and plaintiff avers that at this time, and for a long time prior thereto because of the willful, wanton, and negligent blocking of said crossing, a large number of people and the general public were forced to crawl over or crawl under or go between the cars of said train while it was so blocking said crossing in passing from one side to the other of said railroad, which fact was well known to defendant. And at said time and place the plaintiff avers that he was under the necessity of crossing from the south to the north side of said railroad crossing, and that he stopped and waited some 15 minutes and while so waiting he saw others crawling over or under or going between the said cars in passing from one side to the other in said public highway; that he was then and there a youth under the age of 14 years, and without knowledge of the probable danger that would accrue to him in crossing said railroad at said public crossing, and it reasonably appeared to him that the most convenient and safe manner of crossing said

railroad at said crossing would be for him to crawl over the drawhead of the cars that stood immediately over said railroad track, and plaintiff avers that at said time and place when defendant knew or by the exercise of ordinary care should have known that the general public and a large number of people were crossing the railroad track by crawling over or under or going between said cars as they had done for a number of years prior thereto whenever at said place said crossing was so blocked and when defendant knew or by the exercise of reasonable care should have known that this plaintiff was crossing said railroad by crawling over the drawhead on the said car standing over the said crossing, and with such knowledge the defendant's agents and servants, without keeping a proper lookout, willfully, wantonly, and negligently failed to blow the whistle or ring the bell while moving through or moving within said village, and willfully, wantonly, and negligently backed said engine against said train of cars and with reckless disregard of the peril of this plaintiff and such others of the general public as might then and there at said time and at said public highway be crossing from one side of said railroad crossing to the other, so willfully, wantonly, and negligently operated said train as to mash, disfigure, and permanently injure plaintiff's foot, and plaintiff avers that defendant's agents and servants who were in control of and operating said train then and there knew and were presently conscious of the fact that it was probable and likely that some person or persons, the general public, were then and there exposed to peril at said public highway, and were conscious of the fact that they were omitting to take unusual and proper precaution to avoid injuring said person, and with full consciousness of said fact

as aforesaid ran said train against the foot of this plaintiff so that the same was mashed, etc.

Count 9 is similar to count 7.

Plea 2 is that the counts and all of them aver and show that, at the time said plaintiff received the hurts and injuries and damages for the recovery of which this suit is brought, he was a trespasser on the train of defendant and was guilty of contributory negligence in this: That, while the freight train was standing at said crossing, said plaintiff attempted to climb between two of the cars of said train, and, while so attempting to climb between said two cars, the same began to move and said plaintiff was injured, and defendant avers that said contributory negligence on the part of plaintiff proximately contributed to the injuries or to his receiving same.

(3) The plaintiff at the time of the injury complained of was about the age of 14 years and was a boy of experience and understanding for one of his age, and that he had lived on or near a railroad for many years, and knew about the running of the train, and knew of the danger incident to the moving and running of train, and knew that it was dangerous to go under the trains that were moving or in operation, and knew that it was dangerous to attempt to go under or cross over or between cars in or connected with a train which was liable to move, and knew that it was dangerous to get under or try to climb or crawl over the bumpers of cars (that is, between the cars of the train when said train was moving or liable to move at any time), and that notwithstanding this the plaintiff did, while the train was standing at Hatchechubbee with steam up and liable to move at any time, attempt to climb between two of the cars of said train, over the bumpers or couplings between two of the cars of the said train, and while at-

tempting to do so said train began to move, and the fact is said plaintiff was caught between said couplings or bumpers as alleged in the complaint, and defendant says that such conduct on the part of plaintiff was negligence on his part which proximately contributed to his injuries.

Plea 4 is practically the same with some elaboration.

G. L. COMER, for appellant. The demurrers went to each count of the complaint, and should have been sustained.—*E. T. V. & G. Ry. Co. v. King,* 81 Ala. 177; *Same v. Kornegay,* 92 Ala. 228; *Nave v. A. G. S. R. R. Co.,* 96 Ala. 264; *W. of Ala. v. Mutch,* 97 Ala. 194; *Chewning v. Ensley Ry. Co.,* 100 Ala. 493; *L. & N. v. Mitchell,* 134 Ala. 261; *B. R. L. & P. Co. v. Bynum,* 139 Ala. 389;; *Birmingham So. Ry. Co. v. Kendrick,* 155 Ala. 352; *McElwane v. C. of Ga. Ry. Co.,* 170 Ala. 525; *Westbrook v. K. C. M. & B.,* 170 Ala. 574; *Southern Ry. Co. v. Bennefield,* 172 Ala. 594; 17 South. 253; 93 Mo. 543; 22 L. R. A. (N. S.) 725; 86 Ga. 192; 79 Amer. Dec. 374; 17 Amer. Rep. 521; 112 Ind. 592; 96 Mo. 99. The court erred in sustaining demurrers to plea 2 filed by appellant.—*Mobile L. & R. Co. v. Baker,* 158 Ala. 491; *L. & N. v. Smith,* 163 Ala. 141; *Ala. S. & W. Co. v. Tallant,* 165 Ala. 521; *South. Ry. Co. v. Harrington,* 166 Ala. 630; and authorities supra. Appellant's pleas 3 and 4 were good pleas as answers to counts 7 and 9. —*L. & N. v. Mitchell, supra; B. R. L. & P. Co. v. Brown,* 150 Ala. 327; *Duncan v. St. L. & S. F. R. R. Co,* 152 Ala 118; *Martin v. U. S. & N. Ry. Co.,* 163 Ala. 215; *Adams v. So. Ry. Co.,* 166 Ala. 449. Counsel discusses the assignments of error relative to the admission and exclusion of evidence, but without citation of authority. Charge 2 requested by appellant should have been given.—*So. Ry. Co. v. Stewart,* 153 Ala. 133; s. c. 164

[Central of Ga. Ry. Co. v. Chambers.]

Ala. 171. This same argument applies with equal force to charges 3, 4 and 5 requested by appellant. Charge 6 should have been given.—*M. & C. R. R. Co. v. Copeland,* 61 Ala. 376; *L. & N. v. Webb,* 69 Ala. 106; *C. of Ga. v. Letcher,* 90 Ala. 185; *Glass v. M. & C. R. R. Co.,* 94 Ala. 581; *Chewning v. Ensley Ry. Co., supra; C. of Ga. v. Hyatt,* 151 Ala. 355; *B. & A. Ry. Co. v. Mattison,* 166 Ala. 602. The court erred in refusing the affirmative charge as to counts 1 to 5, inclusive.—*City Del. Co. v. Henry,* 139 Ala. 161; *C. of Ga. v. Freeman,* 140 Ala. 581; *So. Ry. Co. v. Yancey,* 141 Ala. 246; *B. R. L. & P. Co. v. Randle,* 149 Ala. 539; *Same v. Hayes,* 153 Ala. 178; *Bessemer C. L. Co. v. Doak,* 152 Ala. 166; *Freeman v. Central of Ga.,* 154 Ala. 619.

GLENN & DE GRAFFENRIED, and S. B. HATCHER, for appellee. The counts averred that plaintiff was under fourteen years of age, and therefore, prima facie incapable of contributory negligence, and no error was committed in sustaining demurrer to pleas setting up contributory negligence.—*Tutwiler C. & C. Co. v. Enslen,* 129 Ala. 345; *B. R. L. & P. v. Jones,* 146 Ala. 277; *Same v. Landrum,* 153 Ala. 192; *B. & A. Ry. Co. v. Mattison,* 166 Ala. 602; *So. Ry. v. Shipp,* 169 Ala. 327. Each count averred that plaintiff was injured at a public crosssing in a village, and the court was not in error in overruling demurrers predicated on the grounds that defendant did not owe plaintiff any duty.—Secs. 5473, 5476, Code 1907; *So. Ry. v. Shipp, supra.* The court did not err in overruling demurrers based upon the theory that plaintiff was a trespasser.—*H. A. & B. v. Robinson,* 124 Ala. 113; *So. Ry. v. Crenshaw,* 136 Ala. 573; *C. of Ga. v. State,* 145 Ala. 99; sec. 7733, Code 1907; *Westbrook v. K. C. M. & B.,* 170 Ala. 574; 33 Cyc. 931, and cases cited. The only proper pleading to a

count in willfulness or wantonness is a general traverse.—*L. & N. v. Perkins,* 152 Ala. 133. The pleas failed to state facts sufficient to show or overcome the prima facie presumption that plaintiff was incapable of contributory negligence.—Authorities supra. Counts 7 and 9 charged willful or wanton negligence.—*So. Ry. v. Forrester,* 158 Ala. 477; *Same v. Weatherlow,* 153 Ala. 171; *Adams v. So. Ry.,* 166 Ala. 499; *Nave v. A. G. S.,* 96 .Ala. 264; *B. R. & E. Co. v. Bowers,* 110 Ala.. 328. Counsel discuss assignments of error both in the admission and exclusion of evidence, but without further citation of authority. The appellant was chargeable with wanton or willful negligence, and the court was not in error in refusing the affirmative charge as to the wanton or willful counts.—*S. & W. R. R. Co. v. Meadows,* 95 Ala. 137; *Duncan v. S. L. & S. F. R. R. Co.,* 152 Ala. 118; *So. Ry. v. Bennefield,* 172 Ala. 588. There. was no error in refusing the other charges requested by appellant.—*So. Ry. v. Shipp, supra; L. & N. v. Andhors,* 114 Ala. 492; *So. Ry. v. Hyde,* 164 Ala. 162; *L. & N. v. Webb,* 97 Ala. 308, and authorities supra.

SAYRE, J.—The demurrers addressed severally and separately to each count of the complaint took objections, the language of which would lead to a classification as follows: (1) That on the facts alleged plaintiff was a trespasser to whom defendant owed no duty; (2) that plaintiff on his own statement of his case was guilty of contributory negligence.

Without affirming the sufficiency of the averments of the several counts in all respects, we state our conclusion that, as for any specific objection taken by the demurrer, the ruling as to each of them was free from error. To state briefly the substance of the complaint, it was that defendant, having allowed its train to stand

[Central of Ga. Ry. Co. v. Chambers.]

across and obstruct a public road crosssing in the village of Hatchechubbee for an unreasonable time, plaintiff, who was under 14 years of age, undertook to proceed along the public road by climbing over the coupling between the cars, whereupon defendant negligently moved its train, causing the bodily injuries of which plaintiff complains. In most of the counts the allegation in respect to the movement of the train, at the moment of plaintiff's injury, was that it was moved without blowing the whistle or ringing the bell or giving other warning; but, in view of the great generality of averment permitted by our system of pleading in such cases, all the counts may, for the purpose of passing upon the assigned grounds of demurrer, be taken as substantial equivalents.

Noting that there is no allegation that defendant's employees were aware of plaintiff's position in a place of danger, and hence that no question arises as to the liability of the defendant in such case, defendant's first contention, though variously stated, raises the question whether, under the circumstances, due care required defendant to take precaution against the possibility that some one might be in a position which would be rendered dangerous by the movement of its train without warning.

The language and common sense of the statute, which requires the engineer or other person having control of the running of a locomotive on any railroad to ring the bell and blow the whistle before reaching any public road crossing or stopping place, or while moving within the limits of any village, town, or city (Code, § 5473), shows that it was designed for the protection of persons who may at such places reasonably be expected to be upon the track in front of an approaching train. The additional purpose of warning passengers of the move-

ment of trains is served by that part of the statute which requires the engineer to blow the whistle or ring the bell immediately before and at the, time of leaving a station or stopping place. It was not intended for the benefit of persons who may undertake to pass between the cars or go upon the train without the privity, express or implied, of those responsible for its operation. The only duty owed to such persons is to use due care for their safety after it is discovered that they are in a position of danger.—*Carlisle v. A. G. S.,* 166 Ala. 597, 52 South. 341; *McElvane v. Central of Georgia,* 170 Ala. 525, 54 South. 489, 34 L. R. A. (N. S.) 715.

But we think the duty to give warning of some efficient sort arose in the circumstances of plaintiff's case out of the ordinary principles of due care, apart from the statute, though perhaps for practical purposes an application of the statute would serve as well. Where a public road and the line of a railroad intersect, neither the railroad company nor the public have any exclusive right of occupation. "Subject to the duty of being diligent in avoidance of probable danger (a duty which as between them is reciprocal), the public has the right to use the whole of the highway and the railroad company has the privilege of operating its trains."—*So. Ry. v. Crenshaw,* 136 Ala. 573, 34 South. 913. A railroad company may allow its train to stand across a public highway for such length of time as is necessary to the transaction of its business in a reasonable manner and with diligence. And the danger of a passage through, over, or under a train coupled up and ready for movement, though such passage be possible for the pedestrian, is so obvious, and the inconvenience to both the railroad company and the pedestrian so great, that the right of the former to occupy the highway for a reasonable time must, apart from mere theory, be consider-

ed as exclusive. But it has no right to occupy other-
wise or to protract its occupancy beyond a reasonable
time, and the willful obstruction of a public highway
by placing a train of cars across it and allowing such
obstruction to remain there an unreasonable length of
time is a violation of the criminal statute.—*Central of
Georgia v. State,* 145 Ala. 99, 40 South. 991; *Gude v.
State,* 76 Ala. 100. Judge Thompson's view is that:
"If the train is lawfully obstructing the crossing (that
is to say, if it has not obstructed it for a greater length
of time than that prescribed by statute or ordinance or,
in the absence of statute or ordinance, for an unreason-
able length of time), then a pedestrian who attempts to
continue his journey upon the highway, by climbing
over or between the cars, does so at his own risk. The
railway company is under no obligations to keep a spe-
cial lookout for him or to take special pains to provide
for his safety; but his position is substantially that of
a trespasser upon its property and is not different, in
law, from what it would be if the train were not ob-
structing a highway crossing. But after the train has
obstructed the crossing beyond the length of time pre-
scribed by statute or ordinance, or beyond a reasonable
time in the absence of statute or ordinance, then the
railway company is guilty of an unlawful obstruction
of the highway, which is an indictable nuisance; the
right of passage on the part of the public is restored;
and, if pedestrians undertake to exercise that right by
climing over the obstructing train, the railroad com-
pany must see to it that it does not kill or injure them
while so doing by an affirmative act of its own, name-
ly, by starting forward its train without giving them
any warning of its purpose so to do, or without look-
ing out for their safety in any way."—2 Thompson, Neg.
§ 1674. The reason and justice of this view commend

themselves to our minds; it is not at variance with any rule of our decided cases; and we adopt it as the law of this case. The pedestrian of discreet years who undertakes to go through a train unlawfully obstructing a public road may fail thereby in the observance of that due care for his own safety which the law requires of every such one, and doubtless the court will always so declare, in the absence of special circumstances modifying the general meaning of such a situation; but it does not necessarily result that he is a trespasser. He is no more a trespasser than the pedestrian who negligently walks into a hole negligently left in the street of a city. It cannot be said, as matter of unbending law, that he should either abandon his journey along the public highway or wait indefinitely upon the pleasure of the railroad company.—*Phillips v. Railroad Co.*, 80 Hun. (N. Y.) 404, 30 N. E. 333.

Nor do we conceive that our conclusion is opposed by unanimity of judicial opinion in other jurisdiction; at least it is not opposed in principle, though in a number of cases the language used may vary, for otherwise there can be no rational accounting for those numerous cases in which children of tender years, and occasionally adults, have been allowed to recover.—*Golden v. Railroad Co.*, 187 Pa. 635, 41 Atl. 302; *Railroad Co. v. Mackey*, 53 Ohio St. 370, 41 N. E. 980, 29 L. R. A. 757, 53 Am. St. Rep. 641; *Phillips v. Railroad Co., supra; Littlejohn v. Railroad Co.*, 49 S. C. 12, 26 S. E. 967; *Gesas v. Oregon Short Line*, 33 Utah, 156, 93 Pac. 274, 13 L. R. A. (N. S.) 1074; 33 Cyc. 932, note. We find nothing in our cases of *M. & C. R. R. Co. v. Copeland*, 61 Ala. 376, and *Pannell v. Railroad Co.*, 97 Ala. 298, 12 South. 236, in conflict with what has been said. No question of unreasonable delay in the movement of trains was raised in those cases, and in the first named

the court stated that a failure to sound the whistle or ring the bell fixed the charge of negligence on the railroad corporation. It, however, treated the duty to warn as one imposed by the statute.

"A child, as well as an adult, may be a trespasser; and ordinarily a railroad company is under no more obligation to keep a lookout for children who, without enticement for which it is responsible, may go on the track at a place where they have no right to be than to look out for adults."—*Southern Ry. Co. v. Forrister*, 158 Ala. 482, 48 South. 71. But children have the same rights in the highway as adults (*Government St. R. R. v. Hanlon*, 53 Ala. 70), and prima facie judgment and discretion is not presumed of a child under 14 years of age.—*B. & A. Ry. Co. v. Mattison*, 166 Ala. 602, 52 South. 49; *Birmingham Ry. v. Landrum*, 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25.

We find that there was no error in the rulings on the demurrer to the complaint.

On the authority of the last-cited case, defendant's plea 2, setting up contributory negligence in a way, without taking issue as to his age, was bad. But the presumption of mental incompetency, though plaintiff was under 14 years of age, provided he was over 7, was rebuttable (authorities last cited), and defendant undertook to set up the defense of contributory negligence in other pleas of later filing. Demurrers to pleas of this character, numbered 3 and 4, were sustained on the theory that counts 7 and 9 of the complaint stated a case of willful or wanton injury. This was error. In the counts referred to, the pleader used language from which it may be inferred that his purpose was to state his case according to the trial court's acceptation of it. But he failed adequately to do so. These counts were repugnant in themselves and failed to observe the dis-

tinction between willful wrong and that wantonness which is the equivalent of intentional wrong, on one hand, and mere negligence or inadvertence, implying the absence of mental action in respect to the thing done, on the other. But that point was not taken, and these counts should have been treated as counts in simple negligence authorizing the recovery of compensatory damages only. They did not state a case of wanton or willful injury, authorizing the assessment of punitory damages to which plaintiff's contributory negligence would have been no answer. The pleader might have stated his cause of action in a very general way, alleging that the defendant's agents in charge of the train willfully or wantonly caused his injury, and the means adopted in producing that result. Electing to aver the particulars of the alleged wantonness or willfullness, to state the quo modo of its exhibition, he failed to aver facts involving the inference that the act charged was done with the necessary then present consciousness that, under the conditions known to exist at the time, to wit, that persons were passing over, through, or under the train, it would probably result in disaster.—*L. & N. v. Sharp*, 171 Ala. 212, 55 South. 139; *Adams v. So. Ry. Co.*, 166 Ala. 449, 51 South. 987. The allegation is, not categorically that defendant's agents knew, but alternatively that they knew, or (count 7) by the exercise of ordinary care should have known, or (count 9) by the exercise of reasonable care would have known, that persons were crawling over or under or going between the cars. A failure to take precaution against a mere possibility, or even a probability, that persons would put themselves in a position which would be rendered dangerous by a movement of the train, in the absence of knowledge that some such condition then actually existed, cannot be tortured into anything more offensive

to law or morals than simple negligence. There was error, therefore, in sustaining the demurrers to these pleas as answers to those counts on the ground assigned.

That the court's construction of counts 7 and 9, in connection with the rulings on the pleas, was prejudicial to defendant not only must be inferred in the absence of an affirmative showing to the contrary but it is made highly probable in fact by indications afforded by the record. These counts proceeded for willful, wanton, and reckless conduct on the part of defendant. In submitting the case to the jury, the court, stating that it had no recollection of any evidence tending to show that plaintiff's injury resulted from "willful or intentional negligence," gave in charge the law of wantonness. Although, as we have written, counts 7 and 9 stated nothing more than simple negligence, and although, if his effort to allege willful, wanton, and reckless conduct conjunctively had been immune to demurrer he could not have recovered on proof of wantonness only (*Southern Ry. Co. v. Stewart,* 179 Ala. 304, 60 South. 927, where many of our cases on this subject are collated), yet the issue of wantonness was submitted to the jury, with the statement, correct of course in the abstract, that contributory negligence is no answer to a charge of willful or wanton injury; and, considering the amount of the damages assessed in connection with the extent of plaintiff's injuries, it seems highly probable that punitory damages were awarded under those counts without regard to whether plaintiff had contributed to his injury by his own negligence. It may be also that, if these counts had been otherwise construed, the court would have granted a new trial on the ground that the damages were excessive. In saying this much we do not intend to intimate that plaintiff had no case for compensation as for simple negligence under the evidence.

That was and will be a question for the jury on another trial on issues properly framed.

The rulings on the evidence show no reversible error. We do not appreciate the materiality or the relevency of those matters to which defendant excepted but are unable to see how they could have affected the jury's finding.

For the error shown, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.