## LACKEY v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. December 3, 1919.)

### No. 3399.

RAILROADS ☞332—CONTRIBUTORY NEGLIGENCE OF PERSON INJURED AT PRIVATE CROSSING.

An employé of a foundry company, using a private roadway across a service track, which was kept clear of cars except during switching operations, who, on finding a car on the crossing, attempted to go through a narrow space between that and another car and was killed, *held* chargeable with contributory negligence; the engine, with cars attached, being in plain sight from the roadway as he approached, until close to the track.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by Ollie Lackey, administratrix, against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

G. R. Harsh, of Birmingham, Ala., for plaintiff in error.

Neil P. Sterne, of Anniston, Ala., for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and EVANS, District Judges.

WALKER, Circuit Judge. Troupe B. Lackey, the intestate of the plaintiff in error, received fatal injuries while he was attempting to go sideways through a narrow opening between the drawheads of two freight cars on a service track of the defendant in error, which extended from its main line into the fenced inclosure of the plant of the Central Foundry Company, the intestate's employer. In the performance of his duties he was required to go from his employer's machine shop to its storeroom, which was north and outside of the inclosure, and across the service track and the main track; there being a roadway leading from the one place to the other through the opening for a gate in the fence inclosing the plant. That roadway was for the use of the Foundry Company's employés and its carts and wagons, and was so used frequently. When Lackey was approaching the crossing, it was completely blocked by a car standing on the service track, the eastern end of which was 6 or 8 feet east of the eastern edge of the roadway. The opening through which he attempted to pass was between that car and the westernmost of several cars on the service track, which were coupled together and to the easternmost one of which an engine with steam on was attached. When Lackey was immediately beside the car obstructing the crossing, he could not see the engine, because of a pile of iron alongside the service track east of the crossing in the direction of the engine. When he was approaching the crossing, and about 25 feet from it, he could have seen the engine; there being nothing to obstruct his view when that far from the crossing. Except when switching operations were in progress, cars on the service track were so placed as to leave the roadway unobstructed. The injury received

was a result of a slight movement of the engine, and the cars attached to it, just as Lackey was attempting to pass through the narrow opening. The judgment in favor of the defendant in error followed a verdict which the court directed. The defense of contributory negligence was duly made.

If the evidence without conflict showed that the deceased was guilty of negligence which proximately contributed to the injury and death complained of, it will not be necessary to determine whether there was evidence to maintain any of the charges of negligence made in the complaint. The situation at the crossing, when it came within the view of the deceased as he approached it, was such as to suggest that it then was in use for switching operations; there then being on the track cars and an engine with steam on and apparently ready to move at any time, one of the cars completely blocking the crossing. A witness for the plaintiff testifies that he was following right behind Mr. Lackey as they were going towards the crossing, and that he (the witness), when about 25 feet from the track, saw the engine with steam on and attached to cars on that track. To one approaching the track, as Lackey did, it was obvious that the view eastwardly of one immediately beside the track would be obstructed by the iron piled or stacked alongside the track in that direction. If he did not see the engine with steam on and apparently ready to move at any time, it was because he did not look when he was where it was obvious one had to look to discover the existing conditions on the service track east of the crossing.

There was nothing in what was disclosed to Lackey, when he got so near to the track that his view along it towards the east was obstructed by the pile of iron, to suggest that the track could be crossed with safety. There were cars on it, one of them completely blocking the crossing, the only opening being between that car and the one immediately east of it, and being at such a place and of such width as distinctly to negative an inference that it was left for use as a passageway by persons desiring to cross the track. What Lackey saw, or must have seen but for a failure to make a reasonable use of his sense of sight, was a situation such as would apprise any reasonable person that bodily peril was involved in attempting to get from one side of the track to the other by squeezing through the narrow opening left between the drawheads of two of the cars on the track, so placed with reference to a live engine thereon as to suggest the probability of a movement at any time. In taking a risk which, under the circumstances, was an obvious one, he was guilty of negligence proximately contributing to the injury inflicted. Memphis & Charlotte R. R. Co. v. Copeland, 61 Ala. 376; Pannell, Adm'r, v. Nashville, Florence & Sheffield R. R. Co., 97 Ala. 298, 12 South. 236; Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542; Central of Ga. Ry. Co. v. Chambers, 183 Ala. 155, 62 South. 724.

The just-stated conclusion is not inconsistent with anything said in the opinion in the last-cited case touching the demurrer to the complaint in that case on the ground that its averments showed that the plaintiff was guilty contributory negligence. The situation disclosed by the complaint then under consideration was unlike that disclosed by

the evidence in the instant case in that the averments of that complaint did not show that the situation at the time the plaintiff therein attempted to cross the track was such as to indicate that a movement of the train was likely to occur at any time.

The judgment is affirmed.