### KEY v. SOUTHERN RY. CO.

#### No. 5917.

Circuit Court of Appeals, Fifth Circuit.

Feb. 12, 1931.

A. J. Harris and Chas. H. Eyster, both of Decatur, Ala., for appellant.

A. H. Carmichael, of Tuscumbia, Ala. and T. C. Almon, of Decatur, Ala., for appellee.

Before WALKER and FOSTER, Circuit Judges, and BORAH, District Judge.

BORAH, District Judge.

Plaintiff, a pedestrian of discreet years, brought suit in the court below against the Southern Railway Company to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. A trial was had by jury, which returned a verdict in favor of the defendant, upon which judgment was entered, and the plaintiff brings this appeal.

The sole question presented for review is involved in assignments of errors 1, 2, 3 and 4, and all of these relate to the trial court's charge to the jury and bear on the question as to whether or not, as shown by all the evidence, the plaintiff at the time of his injury was guilty of contributory negligence as a matter of law.

Defendant is a railroad company, and its railroad runs through the town of Town Creek, Ala., in an easterly and westerly direction. On the occasion of the accident in question, it obstructed a public crossing of the town for a longer period of time than prescribed by town ordinance and in violation of state statutes prohibiting obstructing a public highway by allowing one of its freight trains, without being parted, to stand upon its switch track and thereby completely block the passage of persons going north and south on said crossing. While this crossing was so obstructed, the plaintiff, accompanied by members of his family, drove his automobile, en route to the station, to the crossing where the accident occurred, and stopped a few feet in front of the main line track, which was north of, and parallel to, the switch track. After waiting a while for the defendant to part its train, and upon its failure to do so, plaintiff blew his automobile horn three or four times, and then got out of his car, walked across the main line, and with his handkerchief signaled toward the engine, which was 300 yards or more west of the crossing. Receiving no response from the men he saw in the cab and about the engine, and with no assurance or intimation that they had seen him or his signals, he went back to his automobile and then went straight to the train, and climbed up on the side of one of the cars by

994

means of a ladder, and attempted to pass between the cars. While he was in the act of climbing across between two of the cars, the train suddenly and without any warning kicked back two or three feet, catching his foot in the coupling, and injuring him to the extent that part of his foot had to be amputated.

■■ From the facts set out it appears that the proximate causes of plaintiff's injury consisted in the backing of the train and in his own act of taking the risk of crossing between the cars without injury. When plaintiff drove up to the crossing and found it blocked by a train attached to an engine, he knew that the train could be moved momentarily, and, with no assurance from anybody that the train would not be moved, he attempted to cross over the bumpers between the cars. Such a situation as then confronted plaintiff should have apprised any reasonably prudent and careful person that there was danger involved in such an undertaking. But he took the risk which, under the circumstances, was an obvious one, and he must bear the consequences of failure. The fact that the defendant in obstructing the crossing was negligent of its statutory duty under the laws of Alabama and the ordinance of the town of Town Creek was not the direct cause of the injury. It was simply the cause which induced the plaintiff to take the risk of what he did. In this undertaking he was guilty of culpable negligence, and so far contributed to his injuries as to deprive him of any right to complain of others. Memphis & Charleston R. R. Co. v. Copeland, 61 Ala. 376; Pannell, Administratrix, v. N., F. & S. R. R. Co., 97 Ala. 298, 12 So. 236; Central of Georgia Ry. v. Chambers, 183 Ala. 155, 62 So. 724; Lackey v. Louisville & Nashville R. R. Co. (C. C. A.) 261 F. 905; Chicago, R. I. & P. Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542.

The judgment is affirmed.